**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Miguel HURTADO and Henry Antonio
Aguas, Defendants-Appellants.**

No. 87–3489
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 26, 1988.

Dominick M. Tamburo, III, New Orleans, La., for Hurtado.

Henry Antonio Aguas, pro se.

Herbert V. Larson, Jr., New Orleans, La., (court appointed), for Aguas.

Curtis Collier, Lawrence Benson, Cynthia R. Hawkins, Asst. U.S. Attys., New Orleans, La., for U.S.

Before GEE, GARWOOD and JONES, Circuit Judges.

GEE, Circuit Judge:

Today's case concerns the attempted appeal of a sentence by one felon and an appeal from a guilty plea and sentence by another. As to both culprits, we affirm.

## Facts

In April 1987, appellants Miguel Hurtado and Henry Aguas pleaded guilty to conspiracy to possess cocaine with intent to distribute it in violation of 21 U.S.C. § 846. At appellants' sentencing hearing, however, Aguas moved to withdraw his guilty plea. After denying the motion, the district court sentenced Aguas to twelve years imprisonment and Hurtado to fifteen years imprisonment. Aguas and Hurtado timely appealed.

## Analysis

■ *Hurtado's Sentence.* Hurtado appeals his fifteen-year sentence, contending that it violates due process because the district court (1) assigned no oral or written reasons for it as 18 U.S.C. § 3553(c) mandates, and (2) did not consider his cooperation with authorities, a relevant mitigating factor under 28 U.S.C. § 994(n) and the new sentencing guidelines.

The statutes cited are inapplicable. First, 18 U.S.C. § 3553(c), which requires the district court to state its reasons for imposing a particular sentence, did not take effect until after Hurtado was sentenced. Although enacted in 1984, Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 212(a)(2), 98 Stat. 1987, 1987–90, § 3553 became effective on November 1, 1987. *Id.,* § 235(a)(1), 98 Stat. at 2031, and Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 99 Stat. 1728. Second, although 28 U.S.C. § 994(n) requires the Sentencing Commission to promulgate sentencing guidelines that "reflect the general appropriateness" of imposing lower sentences when defendants cooperate, the Commission's first guidelines did not become effective until November 1, 1987. United States Sentencing Commission Guidelines, 52 Fed.Reg. 44,674, 44,675 (1987). Thus, the district court did not violate Hurtado's due process rights by

not applying either § 3553 or the sentencing guidelines.

■ Hurtado's fifteen-year sentence is less than half the forty-year maximum. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. Absent proof that impermissible motives or incorrect information influenced the district court, a sentence that falls within the statutory range will not be reversed. *United States v. Stovall*, 825 F.2d 817, 826 *modified on another point*, 833 F.2d 526 (5th Cir.1987). Hurtado offers no such proof, and his sentence is affirmed.

■ *Aguas's Guilty Plea.* The district court detailed the conspiracy charge and its elements to Aguas before accepting his plea, and Aguas indicated his understanding. In addition, Aguas accepted the prosecutor's recitation of the factual basis for the plea as "accurate and correct." Aguas testified that he was guilty of the acts charged, that he was pleading guilty for that reason, and that no one had induced or persuaded him to plead guilty. He added that he had discussed all possible defenses with his attorney and was satisfied with counsel's advice. Five weeks later, just nine days before sentencing, Aguas wrote to the district court seeking leniency, expressing "deep regret for [his] actions," and asserting that he wanted "to pay for [his] mistake."

At sentencing, however, Aguas maintained his innocence and unsuccessfully moved to withdraw his plea. He testified that his attorney had pressured him to plead guilty by advising that a guilty verdict after trial would net a harsher sentence. The district court found Aguas's claim of innocence not credible because it contradicted his earlier testimony and recent letter. The district judge also noted his personal knowledge of defense counsel's integrity. On appeal Aguas contends that the court abused its discretion in denying the motion.

■ Upon a showing of a "fair and just reason," a district court may permit a defendant to withdraw a guilty plea at any time before sentencing. Fed.R.Crim.P. 32(d); *United States v. Benavides*, 793 F.2d 612, 616 (5th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986). Rule 32 is applied liberally, but there is no absolute right to withdrawal. *Id.* In ruling on the motion, the district court is to consider: (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). The defendant has the burden of proving that withdrawal is justified, and the district court's ruling will not be reversed absent an abuse of discretion. *Id.*

■ The *Carr* factors support the court's ruling. Aguas first moved for withdrawal at sentencing, seven weeks after pleading guilty. He explained that during the interim he had been "thinking and meditating how my attorney influenced me." Rule 32, however, was not intended "to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice." *Carr,* 740 F.2d at 345. Moreover, Aguas was assisted by respected counsel, *see id.,* and he concedes that the transcript indicates that his plea was knowing and voluntary. Aguas argues that withdrawal would not have prejudiced the Government, but that fact alone does not "mandate permission to withdraw a plea when, as here, no credible reason is proffered." *United States v. Rasmussen,* 642 F.2d 165, 168 n. 6 (5th Cir.1981). Nor does a claim of innocence, by itself, justify withdrawal. *Carr,* 740 F.2d at 344. On this record it cannot be said that the district court abused its discretion.

■ *Aguas's Sentencing Hearing.* After refusing to permit Aguas to withdraw

his guilty plea, the district court asked if Aguas had any "changes, corrections or alterations" to his presentence report. In response, Aguas initiated the following exchange:

THE WITNESS: I want to say that the report is a big mistake.

THE COURT: I suppose it's a big mistake because you now claim you are innocent. Is that correct?

THE WITNESS: Correct.

THE COURT: Is there anything else you want to say before I impose sentence on you?

THE WITNESS: None, your Honor.

The court then sentenced Aguas. On appeal Aguas asserts that the district court violated Fed.R.Crim.P. 32(c)(3)(D) after Aguas challenged the presentence report as a big "mistake."

When a defendant asserts that any part of his presentence investigation report is factually incorrect, Rule 32(c)(3)(D) requires the sentencing judge to make, as to each matter controverted, "(i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." If the sentencing judge "fails to make the requisite finding or determination, or if the finding or determination is ambiguous, the case must be remanded for resentencing." *United States v. Garcia*, 821 F.2d 1051, 1052 (5th Cir.1987).

In *United States v. Aleman*, 832 F.2d 142, 145 (11th Cir.1987), the Eleventh Circuit held that Rule 32(c)(3)(D) does not obligate a district court to make a finding or determination unless the defendant asserts "with specificity and clarity each factual mistake" of which he complains. As the court noted, "[t]o hold otherwise would oblige the district court to guess whether a challenge is being mounted as well as what defendant wishes to contest." *Id. accord United States v. Petty*, 798 F.2d 1157, 1162 (8th Cir.1986), *vacated on other grounds*, — U.S. ——, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987).

The *Aleman* rationale demonstrates that Aguas's argument has no merit. It is a

sensible manner in which to treat such broadcast assertions as that made by Aguas, and we adopt the rule of *Aleman* for our Circuit. Aguas characterized his PSI as a "big mistake" without raising any clear or specific objection of factual error; because that characterization did not suffice to trigger Rule 32(c)(3)(D), no response by the court was required.

AFFIRMED.