The UNITED STATES of America,
Plaintiff–Appellee,

v.

Charles M. DANIEL,
Defendant–Appellant.

No. 88–2266
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 10, 1989.

Michael P. Haines, J.L. Sadick, Houston, Tex., for defendant-appellant.

Frances H. Stacy, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Paula C. Offenhauser, Houston, Tex., for plaintiff-appellee.

Before POLITZ, KING, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

## I. *Factual and Procedural Background.*

Appellant Charles Monroe Daniel was charged, in a five-count indictment, with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (count one); possession with intent to distribute more than 100 kilograms of marijuana, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (counts two and five); and possession of marijuana, aboard an aircraft, with intent to introduce it into the United States, 19 U.S.C. § 1590 (counts three and four). Daniel pleaded guilty to counts four and five and, in exchange, the government dismissed counts one through three of the indictment. On the day of sentencing, Daniel informed the district court that he wished to substitute counsel; the request was granted. Thereafter, he requested to withdraw his guilty plea and proceed to

trial. After extensive questioning as to Daniel's reasons for withdrawing the plea, the district court denied the request. In accordance with the government's recommendation, Daniel was sentenced to concurrent terms of seven years' imprisonment, and a $50 special assessment was imposed on each count. The sentence subsequently was reformed to include a special parole term of three years.

## II. *Appeal.*

On appeal Daniel argues that the trial court committed reversible error by failing to inform him of the availability of a conditional plea under Fed.R.Crim.P. 11(a)(2), by neglecting to advise him as to the nature of the conspiracy charge in accordance with rule 11(c)(1), and by abusing its discretion in not permitting him to withdraw his plea. Concluding that these arguments are without merit, we affirm.

### A. *Availability of Conditional Plea.*

■ Rule 11(a)(2) provides as follows: With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pre-trial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

However, that rule "[c]reates no enforceable 'right' to enter a conditional plea." *United States v. Fisher,* 772 F.2d 371, 374 (7th Cir.1985). The rule explicitly empowers the court and the government to prevent a defendant from entering a conditional plea.[1] Furthermore, neither the district court nor the government is required to advise a criminal defendant of the availability of such a plea. *Id.* at 374–75. Accordingly, the district court did not err in failing to inform Daniel of the availability of the conditional plea alternative.

### B. *Admonishment on Conspiracy Charge.*

■ Rule 11(c)(1) requires the trial judge to advise a defendant fully in open court as to the nature of an offense and possible penalties before accepting a guilty plea. In this case, the judge did not so advise Daniel with respect to the conspiracy charge (count one). However, the record reflects that Daniel did not plead guilty to that charge, but only to counts four and five. The conspiracy charge was dismissed on the government's motion, as a part of the plea bargain. Thus, rule 11(c)(1) was not violated.

### C. *Refusal To Permit Withdrawal of Plea.*

■ A district court may permit a defendant to withdraw a guilty plea at any time prior to sentencing upon a showing of a "fair and just reason." Fed.R.Crim.P. 32(d). *See United States v. Hurtado,* 846 F.2d 995, 997 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988); *United States v. Benavides,* 793 F.2d 612, 616 (5th Cir.), *cert. denied,* 479 U.S. 868, 107 S.Ct. 232, 93 L.Ed.2d 158 (1986). However, rule 32 does not provide an absolute right to withdraw a plea. *Hurtado,* 846 F.2d at 997. District courts must consider several factors in ruling on a motion to withdraw a plea:

(1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the Government; (3) whether the defendant delayed in filing the motion, and if so, the reason for the delay; (4) whether, withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources.

*Hurtado,* 846 F.2d at 997 (citing *United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985)).

---

**1.** The legislative history indicates that the rule was intended primarily to aid courts and prosecutors, rather than defendants. *See Fisher,* 772 F.2d at 374.

The defendant has the burden of proving that withdrawal is justified, and we will reverse the district court's determination only upon concluding that it has abused its discretion. *Hurtado,* 846 F.2d at 997; *Carr,* 740 F.2d at 344; *United States v. Rasmussen,* 642 F.2d 165, 167 (5th Cir.Unit B Apr.1981). Patently, rule 32 was not intended to allow a defendant to withdraw his plea simply because he has changed his mind after further reflection. *Hurtado,* 846 F.2d at 997; *Carr,* 740 F.2d at 345. Furthermore, the fact that the government will not be prejudiced by withdrawal does not itself mandate permission to withdraw the plea. *Hurtado,* 846 F.2d at 997; *Rasmussen,* 642 F.2d at 168 n. 6.

In this case, the district court did not abuse its discretion in denying Daniel leave to withdraw his plea, the request for which came on the day of sentencing. Although the district court questioned Daniel extensively on his reasons for seeking withdrawal of the plea, Daniel offered no credible justifications. His only asserted basis for withdrawal was that he was uncomfortable with his previous decision. Daniel was represented by counsel at the plea-taking and, although he later requested substitute counsel, he expressed no dissatisfaction with his original counsel. Finally, Daniel did not recant that he had committed the offense.

All of these factors weigh against permitting him to withdraw his plea. We cannot help but conclude that the district court properly denied Daniel's motion. AFFIRMED.