902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. HYMER, Defendant-Appellant.
 No. 89-3895.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1990.
 
 Before MERRITT and KRUPANSKY, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant James R. Hymer appeals the sentence imposed pursuant to a guilty plea for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Appellant was arrested at his home in Hamilton, Ohio on January 6, 1989 during a cocaine transaction. Coconspirator # 1 and a government informant negotiated the delivery and sale of one kilogram of cocaine. Appellant had previously travelled to Detroit with coconspirator # 1 who had made arrangements for the delivery and sale of 1/2 to 1 kilogram of cocaine, but appellant had returned home separately. Coconspirator # 1 and coconspirator # 2, the source of the cocaine, transported 1 kilogram of cocaine to Hamilton where they ended up at appellant's house, where one of the coconspirators also lived. The government informant was furnished money by coconspirator # 3, who was to receive half of the cocaine. While the government informant was counting the money, he asked appellant to cut the kilogram of cocaine, which was sitting on a triple beam scale, in half, which he did. At this point, everyone was arrested.
 
 
 2
 It is conceded by the government that appellant had no part in the negotiations for the purchase and sale of the kilogram of cocaine, nor was he to receive any money from the sale of the cocaine. However, during a search of appellant's house following his arrest, an additional 28 grams of cocaine were found in his bedroom.
 
 
 3
 The government and appellant reached a plea agreement in which appellant agreed to plead guilty to one count of possession with intent to distrbute cocaine and to testify completely and truthfully against all other persons involved. It was stipulated that appellant possessed 28 grams of cocaine with intent to distribute, that that was the "total relevant conduct" of appellant as defined by Sentencing Guidelines Sec. 1B1.3, that the applicable sentencing guideline was Sec. 2D1.1, which established a base offense level of 14, that the appellant was a "minor participant" pursuant to Sentencing Guidelines Sec. 3E1.1, that the determination of criminal history category was entirely up to the probation department and the court after investigation and review, and that both parties understood that the court was not bound by these stipulations pursuant to Sentencing Guidelines Sec. 6B1.4(d).
 
 
 4
 The court accepted the plea agreement and appellant pleaded guilty as agreed on May 26, 1989. On July 3, 1989, appellant and his attorney reviewed the presentence report. In a letter to the probation department dated July 6, 1989, appellant raised several objections to the report. At the sentencing hearing on September 9, 1989, appellant again raised his objections, which were that the factual findings in the report did not reflect that appellant was a minor participant. Appellant further objected that the presentence report failed to mention that one of the coconspirators lived in the same house as appellant. He also objected to the presentence report's characterization of his trip to Detroit as a trip to obtain cocaine, since the parties had stipulated that appellant was unaware of the activities of his coconspirator prior to the events at the house, and that he had travelled home from Detroit separately. Finally, appellant objected to the reliance placed by the probation department on the testimony of two witnesses whose reliability was questioned even by the United States Attorney.
 
 
 5
 The Federal Rules of Criminal Procedure provide as follows:
 
 
 6
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 7
 Fed.R.Crim.P. 32(c)(3)(D).
 
 
 8
 If a sentencing judge fails to make the requisite findings and determinations or if the findings are ambiguous, the case must be remanded for resentencing. United States v. Hutador, 846 F.2d 995 (5th Cir.1988); United States v. Monaco, 852 F.2d 1143, 1147-48 (9th Cir.1988). It is not clear to this court from the record whether the court below adequately considered appellant's objections to the probation report, specifically whether the probation department's version of the facts are adequate to find that appellant was sufficiently involved in the transaction involving the kilogram of cocaine to properly conclude that the kilogram should be aggregated with the 28 grams to determine the appropriate sentencing guideline range, and to conclude that appellant has not accepted responsibility for all relevant conduct.
 
 
 9
 Accordingly, the sentence imposed by the district court is VACATED and the case is REMANDED to that court for an evidentiary hearing on appellant's objections to the presentence report.