915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Charles SIMON, Defendant, Appellant.
 No. 90-1022.
 United States Court of Appeals, First Circuit.
 Sept. 11, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts, Robert E. Keeton, District Judge.
 Charles Simon on brief, pro se.
 Wayne A. Budd, United States Attorney and Joseph M. Walker, III, Assistant United States Attorney, on brief, for appellee.
 D.Mass.
 AFFIRMED.
 Before BREYER, Chief Judge, and LEVIN H. CAMPBELL and TORRUELLA, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pro se defendant-appellant Charles Simon pleaded guilty on April 6, 1987 to two counts of conspiracy to possess and distribute cocaine and heroin. On June 2, 1987, after a sentencing hearing, Simon was sentenced to thirteen years' imprisonment, a seven-year suspended sentence, five years' probation, and a $100 special assessment. Simon filed a pro se motion to reduce sentence on August 6, 1987, which was denied on September 28, 1987. Subsequently, Simon filed petitions for relief under 28 U.S.C. Sec. 2255, which were denied by the district court. Simon appealed that denial to this court, which dismissed the appeal as untimely in July 1988.
 
 
 2
 In September and October 1989 Simon filed various documents in the district court, styled "petition for writ of mandamus" or "notice of motion" or containing no title, alleging (1) that the district court failed to meet the requirements of Fed.R.Crim.P. 32 during Simon's sentencing hearing and relied on false information during sentencing, (2) that the district court failed to meet the requirements of Fed.R.Crim.P. 11(f) during Simon's change of plea hearing, and (3) that Simon was deprived of the effective assistance of counsel at those hearings. The district court, in a November 30, 1989 memorandum and order, found that insofar as these filings sought re-sentencing relief under Fed.R.Crim.P. 32 based on alleged procedural error under Rule 32, the district court could not provide relief because Rule 32 makes no provision for resentencing or reduction of sentence. Treating Simon's filings as a motion to correct a sentence imposed in an illegal manner under Fed.R.Crim.P. 35 (as applicable to offenses committed before November 1, 1987), the district court found that the motion was not timely filed because it was not filed within 120 days after the imposition of sentence as required by Fed.R.Crim.P. 35(b). The district court further concluded that, even if the motion had been timely filed, it did not state a claim for relief. Simon appeals from the district court's order. We affirm.
 
 
 3
 We agree with the district court that, for the reasons stated in the district court's November 30, 1989 memorandum and order, Simon's filings (1) could not support a claim for relief if treated as a motion under Rule 32, and (2) were not timely filed if treated as a Rule 35 motion to correct a sentence imposed in an illegal manner. We add that, even if Simon's allegations were treated as a petition under 28 U.S.C. Sec. 2255, or as a timely-filed Rule 35 motion, Simon did not state a claim for relief. We shall discuss each of Simon's allegations in turn.
 
 
 4
 Simon alleges that the district court failed to comply with the requirements of Fed.R.Crim.P. 32(c)(3)(D), which provides,
 
 
 5
 "If the comments of the defendant and the defendants' counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written report of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons."
 
 
 6
 Simon asserts that his counsel at the sentencing hearing pointed out factual inaccuracies in the pre-sentence report, but that the district court made no written findings on the disputed points. Furthermore, Simon contends, the district court relied on false information in sentencing Simon.
 
 
 7
 However, our review of the record reveals that, with one possible exception, neither Simon nor his counsel directed the district court's attention to any factual inaccuracies in the pre-sentence report. Instead, Simon's counsel complained that the report, as well as the prosecution's remarks to the court in stating the government's recommended sentence, was misleading in tone. Simon's counsel argued that it placed too little emphasis on the fact that Simon was himself dependent on drugs during the time he committed the drug offenses to which he pleaded guilty, a circumstance Simon's counsel depicted as a substantial mitigating factor in sentencing. By contrast, a challenge to factual statements under Rule 32 must assert each alleged factual error with specificity and clarity, and cannot rely on mere objections to tone, style, or opinions not factual in nature. United States v. Hurtado, 846 F.2d 995, 998 (5th Cir.), cert. denied, 488 U.S. 863 (1988); United States v. Aleman, 832 F.2d 142 (11th Cir.1987). Neither Simon's counsel nor Simon, who himself addressed the court at length, raised any challenge that met this standard. Even if Simon's counsel were found to have raised an adequate Rule 32 challenge to one particular factual statement in the report concerning Simon's past drug use, the district court in fact made and initialed a handwritten emendation to the report on that point, completely accepting Simon's version.
 
 
 8
 Furthermore, to show a Rule 32 violation, a defendant must "show that the court relied on that false information in determining the sentence." United States v. Eschweiler, 782 F.2d 1385, 1387 (7th Cir.1986). Simon does assert, again, that the district court improperly relied on false information in sentencing. However, as we have said, the only alleged factual dispute identified by Simon in the district court concerned the pre-sentence report's and the prosecutor's purported understatement of the importance of Simon's past drug habit. The district court at the sentencing hearing expressly accepted and adopted Simon's position that he had been led to commit the offenses charged because of his own drug habit. The district court stated to Simon,
 
 
 9
 "I believe you when you tell me that your own drug dependency had a lot to do with your becoming involved in this offense, but I cannot conclude that that justifies making a sentence for the very serious offenses to which you have pled guilty less than the moderate recommendation that the Government has made."
 
 
 10
 There can be no claim, therefore, that the district court relied on disputed facts concerning Simon's past drug habit in pronouncing sentence. Simon had ample opportunity at the sentencing hearing to point out additional factual errors, but failed to do so.
 
 
 11
 Simon next contends that the district court fell short of the requirements of Fed.R.Crim.P. 11(f), which states, "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." It is well-settled, however, that the prosecutor's statement of facts on the record can satisfy the requirement of a factual basis for the plea. See, e.g., United States v. Ray, 828 F.2d 399, 405-06 (7th Cir.1987), cert. denied, 485 U.S. 964 (1988); United States v. Fountain, 777 F.2d 351, 355 (7th Cir.1985), cert. denied, 475 U.S. 1029 (1986). In this case, the prosecutor at the change of plea hearing gave a detailed account of the evidence he would have presented at a trial. Immediately before this account began, the district court expressly told Simon to listen to it carefully because he would be asked whether he understood it and agreed with it. Immediately following the account, the district court asked Simon if he understood the summary of evidence and if he did the things attributed to him in that summary. Simon replied, "Yes," as to both. Clearly there was no Rule 11(f) violation here.
 
 
 12
 Finally, Simon alleges ineffective assistance of counsel, listing five specific allegations: (1) that his counsel permitted the government to breach the plea agreement; (2) that his counsel permitted the government to withhold exculpatory evidence; (3) that his counsel permitted him to be sentenced based on false information; (4) that his counsel failed to object to the prosecutor's remarks at the sentencing hearing; and (5) that his counsel failed to press the district court's Rule 11(f) violation. Each of these allegations is meritless.
 
 
 13
 As to allegation (1), the record shows no evidence of any breach of the plea agreement. At the sentencing hearing, the prosecutor made the same sentencing recommendation called for by the April 1, 1987 plea agreement letter signed by Simon. That letter expressly stated that the government's recommendation would not bind the court. In any event, the court handed down precisely the sentence the government recommended. At the change of plea hearing, moreover, when the district court asked Simon if his change of plea reflected any additional promises or representations other than those in the plea agreement letter, Simon answered, "No."
 
 
 14
 The substance of Simon's allegation (2), as far as can be ascertained from Simon's vague and imprecise filings, is that his counsel failed to obtain a "surveillance investigation report" showing that Simon's involvement in the drug conspiracy was "very little." Simon offered nothing to support the bare allegation that such an exculpatory report existed. In any event, both the court and the prosecutor stated on the record that Simon's involvement in the conspiracy was less than that of his co-conspirator, his brother Anthony.
 
 
 15
 Although Simon now asserts in allegation (3) that he was sentenced based on false information conveyed by the prosecutor's summary of the evidence and by the presentence report, when the court asked Simon whether he understood that summary of the evidence and whether it was accurate, Simon said "Yes." Moreover, as we have said, at the sentencing hearing Simon raised no factual challenge to the presentence report beyond what we have already discussed, even though Simon did address the court at length. Simon's counsel's decision at the sentencing hearing to focus on Simon's drug dependency as a mitigating factor was a reasonable tactical decision that cannot be characterized as ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 689 (1984) (ineffective assistance of counsel standards should not "restrict the wide latitude counsel must have in making tactical decisions").
 
 
 16
 Allegation (4) is meritless because the record shows that Simon's counsel did in fact state objections to the prosecutor's statement at the sentencing hearing. While Simon faults counsel for failing to raise additional points, we find, again, that counsel's tactical decision to stress Simon's past drug dependency was reasonable.
 
 
 17
 As to allegation (5), we have already found that the district court did not violate Rule 11(f). Consequently, counsel's failure to raise the matter cannot constitute ineffective assistance. Baumann v. United States, 692 F.2d 565, 572 (9th Cir.1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel").
 
 
 18
 We have considered Simon's other arguments and found them meritless.
 
 
 19
 The district court's denial of appellant's motion is affirmed.