**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 91-2484
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KATHY SUE PIAZZA,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(April 9, 1992)

Before JONES, DUHÉ and WIENER, Circuit Judges.

WIENER, Circuit Judge.

Defendant-Appellant Kathy Sue Piazza appeals the sentence imposed following her conviction, pursuant to her plea of guilty, on one count of misprision of a felony, namely, the escape and attempted escape of one David Phillip Ischy, in violation of 18 U.S.C. §§ 4 and 751(a). Specifically, she complains that the district court failed to comply with Rules 11 and 32(c)(3)(D),

Federal Rules of Criminal Procedure, and that she received ineffective assistance of counsel. Finding that the district court strictly and completely complied with Rule 11, we affirm Piazza's conviction pursuant to her guilty plea; and finding that the district court's articulation regarding the inapplicability of a contested fact in the Presentence Investigation Report (PSR) to Piazza's sentence constituted substantial compliance with Rule 32(c)(3)(D), we affirm her sentence as well. Finally, we find that Piazza's complaint of ineffective assistance of counsel is not properly before this court.

I

FACTS

Initially, Piazza and Ischy were charged in a one-count indictment for conspiring to effect Ischy's escape from federal custody. That one-count indictment was superseded twice. Finally, a criminal information was brought charging Piazza with misprision of a felony by concealing the escape attempt. Piazza entered into a plea agreement with the government in which she pleaded guilty to the criminal information in exchange for the dismissal of the original indictment and both superseding indictments.

Piazza was re-arraigned on February 13, 1991, at which time the district court accepted her plea of guilty. A Presentence Investigation Report (PSR) was prepared. Piazza filed written objections to that portion of the PSR which showed that she had been convicted of possession of marijuana. After determining from its colloquy with the probation officer who prepared the PSR that

2

the disputed drug conviction had not figured in the calculation of Piazza's sentence, the district court pretermitted resolution of this factual dispute. Piazza was sentenced to six months of imprisonment to be followed by a one-year term of supervised release.

Piazza's counsel sought to withdraw and filed an Anders brief raising all the three issues mentioned above. As another panel of this court denied counsel's withdrawal based solely on the district court's alleged violation of Rule 32 and therefore did not address in depth the merits of the other two claims, we now address all three issues.

II

ANALYSIS

A.    Knowing and Voluntary Plea of Guilty

To determine if Piazza's plea of guilty was accepted by the court in compliance with Rule 11, her re-arraignment must be measured against the standard established by this court in United States v. Dayton, 604 F.2d 931, 943 (5th Cir. 1979) (en banc), cert. denied, 445 U.S. 904 (1980).

> What is necessary is that the trial court, given the nature of the charges and the character and capacities of the defendant, personally participate in the colloquy mandated by Rule 11 and satisfy himself fully that, within those limits, the defendant understands what he is admitting and what he consequences of that admission may be, as well as that what he is admitting constitutes the crime charged, and that his admission is voluntarily made.

Id. A review of Piazza's re-arraignment proceedings confirms that the district judge's explanations and questions to Piazza were a

3

model of clarity and comprehensiveness. The judge determined that Piazza had two years of college, was without any mental defect and was not under the influence of any type of narcotic at the time of her plea. The district court asked counsel's opinion as to Piazza's competence to enter a knowing plea.

The district judge carefully questioned Piazza as to her understanding of the specific facts involved in the offense, and she expressly acknowledged that she understood that she was charged with misprision of a felony for concealing Ischy's attempt to escape from prison. The court advised Piazza that the offense was punishable by up to three years in prison and a $250,000 fine as well as a one-year term of supervised release and a mandatory special assessment. The court also informed Piazza that she had a right to plead not guilty and proceed to trial aided by the presumption of innocence, but that she would waive those rights if she made a guilty plea. Piazza repeatedly indicated that she understood each consequence of her plea of guilty. Responding to the district court's questioning, Piazza acknowledged that she was not subjected to duress in making her plea and that she had received no promises or assurances of the sentence to be imposed or even a guarantee of the terms of the plea agreement.

There is no indication anywhere in the record that Piazza did not make a knowing and voluntary plea of guilty after being fully informed of the charges and the consequences of the plea. See Dayton, 604 F.2d at 939. As such, Rule 11 was satisfied completely.

4

B.    Failure to Make Findings on Disputed Facts

Piazza contends that the district court violated Rule 32(c)(3)(D) by failing to make findings regarding disputed facts. If a defendant asserts, with specificity and clarity, that anything within the PSR is incorrect factually, then the sentencing judge must make, as to each controverted matter:

> "(i)  a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." If the sentencing judge "fails to make the requisite finding or determination or if the finding or determination is ambiguous, the case must be remanded for resentencing."

United States v. Hurtado, 846 F.2d 995, 998 (5th Cir.), cert. denied, 488 U.S. 863 (1988) (quoting Rule 32(c)(3)(D) and United States v. Garcia, 821 F.2d 1051, 1052 (5th Cir. 1987)).

This rule protects the defendant from being sentenced on inaccurate information and creates an accurate record of the factors on which the district court relied during sentencing. In addition, the written record addressing each objection is important because officials may consider information in a PSR when making correctional determinations, including the place of the defendant's incarceration and her relationship with correctional agencies after she is released from prison. United States v. Burch, 873 F.2d 765, 767 (5th Cir. 1989); United States v. Manotas-Mejia, 824 F.2d 360, 368 (5th Cir.), cert. denied, 484 U.S. 957 (1987). A failure of the district court to comply with this rule may be raised for the first time on appeal. Manotas-Mejia, 824 F.2d at 368.

5

Here we are confronted with Piazza's allegation that the district court committed reversible error by failing to rule on her controversion of the PSR's allegation that Piazza had been convicted for possession of marijuana. She filed written objections and argued the point at the sentencing hearing. In its brief to this court the government concedes that (1) Piazza's objections were made with sufficient specificity and clarity to trigger Hurtado, and (2) the district court's failure to make an express Rule 32(c)(3)(D) finding on this factual dispute requires that Piazza's sentence be vacated and the case remanded for resentencing. See Hurtado, 846 F.2d at 998. Perhaps if the government had devoted less time to waxing poetic in its brief and more to analyzing the transcript of the sentencing hearing, it would not have been so quick to concede the need to vacate and remand.

Rule 32(c)(3)(D) is written in the disjunctive. When the defendant disputes a fact contained in the PSR, the district court must articulate either (1) a finding as to the disputed fact, or (2) the court's determination that such a finding is not necessary because the disputed fact will not be taken into account in calculating the sentence. As to the controverted fact of Piazza's marijuana conviction, the court conducted a colloquy with government counsel, defense counsel and Ms. Norris, the probation officer who prepared the PSR. After discussing the marijuana conviction and the question of whether the name Janice Gobel had been an alias used by Piazza or was in fact a roommate who

6

possessed the marijuana in question, Ms. Norris told the court "Further, [the conviction] has no bearing on the calculation of the guideline." The court then inquired "[the conviction] has no bearing on the calculation of the guideline?", to which government counsel responded, "That's correct." The court concluded that part of the colloquy with the statement, "So I am going to leave that just as a contested matter. I am not going to rule on that. I am just going to allow that to be carried with the records of the case . . . ."

From the portion of the transcript quoted above, there can be no conclusion but that the district court determined "that no such finding is necessary because the matter controverted will not be taken into account at the sentencing." That such a conclusion was legally correct is proved by the facts of the case and the provisions of the guidelines: If the PSR was correct about the prior conviction, the single point was correctly included in calculating the defendant's criminal history; if not, the score would be zero instead of one. But either way, Piazza's criminal history category would be I, producing the same sentencing range of 0-6 months.

Rule 32(c)(3)(D) does not require the district court to mouth any particular magic words or to make a talismanic incantation of the exact phraseology of the rule; it suffices that the record reflects that the court expressly adverted to the factual controversy in the PSR and complied with either of the alternative mandates of the rule. Although here the district court neither

7

cited the rule nor expressed its determination in the precise language of the rule, we decline to engage in a game of "Simon sez" with our overburdened, able and diligent district courts. To vacate and remand this case for resentencing would be to engage in a hollow act and to waste judicial resources which are sorely needed to deal with the ever increasing burden of matters of substance. Given the facts and circumstances of this case we decline to vacate Piazza's sentence and remand for resentencing in more strict but no more effectual compliance with Rule 32(c)(3)(D).

C.    Ineffective Assistance of Counsel

Piazza also claims that her counsel was ineffective because he failed to insist that the district court make the Rule 32 findings discussed above. This complaint directed at the effectiveness of counsel's performance was not presented to the district court and thus cannot be determined on direct appeal. United States v. Freeze, 707 F.2d 132, 139 (5th Cir. 1983).

                                III

For the reasons set forth above, the defendant's conviction and sentence are

AFFIRMED.