**UNITED STATES of America**

v.

**Clarence ROBINSON.**

**No. 1:93–CR–207(1).**

United States District Court,
E.D. Texas,
Beaumont Division.

June 28, 1994.

David H. Henderson, Asst. U.S. Atty., Beaumont, TX, for plaintiff.

Alexander Bunin, Asst. Federal Public Defender, Beaumont, TX, for defendant.

## MEMORANDUM OPINION AND NUNC PRO TUNC ORDER

COBB, District Judge.

On January 28, 1994, Clarence Robinson [1] pleaded guilty to Count 2 of an indictment which charged him with attempted escape from custody. On the day of his scheduled sentencing, June 17, 1994, Robinson filed his Motion to Withdraw Guilty Plea. This court, after considering the applicable caselaw, denied the Defendant's Motion and proceeded with sentencing. The court now assigns written reasons for the denial of the motion.

### Factual Background

Mr. Robinson has become something of a regular in this court recently. He was originally charged in a multi-count indictment centering on alleged drug activity. During the pendency of the charge, Robinson was confined at the Jefferson County Jail, Beaumont, Texas pursuant to a Federal detention order. This court accepted Robinson's plea of guilty to Count 3 of the indictment which alleged a violation of 18 U.S.C. 924(c)(1), to wit: possession of a firearm during and in relation to a drug trafficking crime.

1. The defendant's exact name is unclear. The defendant maintains that while the name "Robinson" appears on his birth certificate, his correct name is actually "Robinson." He has also referred to himself as "Pumpkin Robinson" and "Flave." The court will refer to the defendant as "Robinson."

While awaiting sentencing on the gun charge, Mr. Robinson apparently grew tired of the Jefferson County Jail and its attendant restrictions on his liberty. Robinson concocted a clever, yet ultimately unsuccessful scheme to secure his premature release from the jail. In a nutshell, one of Robinson's cellmates, Jonathan Shelton, was eligible to be bonded out of jail. On November 6, 1993, Naomi Lanell Antoine, Robinson's girlfriend, posed as Shelton's cousin and posted bond for him. Meanwhile, Robinson "persuaded" Shelton to do nothing when the floor officer came to release him. Shelton complied, and Robinson identified himself to the officer as Shelton. Robinson was then taken to complete the release procedure.

Hours later, Robinson had just completed the book out procedure under the identity of Shelton and was on the verge of freedom. However, Sergeant William Werner began to doubt Robinson's claimed identity. Werner confirmed his suspicions and foiled the escape attempt when he determined that Robinson's fingerprints did not match those in Shelton's file.

On November 18, 1993, Robinson was indicted under this cause number for the attempted escape. Pursuant to a plea agreement, Robinson pleaded guilty to count 2 of the indictment which charged him with attempted escape from custody.[2] The plea agreement, which the court accepted on January 28, 1994, provided in part:

5. The Defendant understands that if he provides substantial assistance in the investigation or prosecution of others, the United States Government will file a motion at the time of sentencing informing the Court that the Defendant provided substantial assistance in the investigation or prosecution of another person who has committed an offense so that the Court can, in its discretion, depart from the guidelines as contemplated by § 5K1.1 of the *Federal Sentencing Guidelines Manual.* The United States Government agrees

to inform the Court at the time of sentencing of the full extent of the assistance provided by the Defendant. It is understood by the Defendant that the Government's motion for downward departure pursuant to § 5K1.1 ... is conditioned upon the Defendant's full and substantial assistance (as determined by the policy and procedures of the United States Attorney's Office for the Eastern District of Texas) including, but not limited to, testimony before the Grand Jury or at trial in this and other state and federal jurisdictions. (emphasis added).

On February 27, 1993, Robinson again grew weary of his confinement at the Jefferson County Jail and successfully escaped from custody during a medical visit to St. Elizabeth's Hospital in Beaumont, Texas.[3] Robinson's daring escape earned him a spot on the prestigious United States Marshals Service "15 Most Wanted" fugitives list. To Robinson's chagrin, however, he was recaptured in Baton Rouge, Louisiana on May 30, 1994, and returned to the Eastern District of Texas on June 6.

On June 17, 1994, several hours before his scheduled sentencing on the attempted escape count, Robinson moved to withdraw his guilty plea. After denying the defendant's motion, the court proceeded with sentencing. Believing that Robinson did not, and in light of his escape, chose not to provide substantial assistance, the Assistant U.S. Attorney did not make a motion for downward departure under U.S.S.G. § 5K1.1. The court sentenced Robinson to 60 months imprisonment with a term of three years supervised release.[4]

## Discussion

### I.

Robinson initially argues that the plea agreement was invalid "if the government knew [before entering the agreement that Robinson] could not provide substantial as-

---

2. *See* 18 U.S.C. 751(a).

3. The court makes this finding only for purposes of the Defendant's motion to withdraw his plea. The court expresses no opinion as to the ultimate

merit of this charge, which is currently pending in this court under cause number 94–CR–40.

4. The court also fined Robinson in the amount of $13,600.00.

sistance."[5] Specifically, because of the government's alleged misconduct in making an unfulfillable promise, the agreement would be void for lack of consideration[6] and the resulting plea would not be knowing and voluntary. In *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984), *quoting Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc), the court stated: "A plea of guilty entered by one fully aware of the direct consequences ... must stand unless induced by ... misrepresentation (including unfulfilled or unfulfillable promises) ..." *See also Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests ... on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.")

■ However, Robinson bears the burden of proving by a preponderance of the evidence that the government was aware ab initio that Robinson could not provide substantial assistance. *United States v. Watson,* 988 F.2d 544, 548–9 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 698, 126 L.Ed.2d 665 (1994); *United States v. Hurtado,* 846 F.2d 995, 997 (5th Cir.), *cert. denied,* 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988) (defendant seeking withdrawal of guilty plea under Fed.R.Crim.P. 32(d) has burden of proving that withdrawal is justified). Robinson has failed to carry his burden; he provided neither testimony nor any other evidence to establish his contention that the government knew its promise was unfulfillable. Moreover, the plea hearing belies Robinson's argument:

> MR. HENDERSON: The United States at this time knows of no information or assistance he may be able to render, and putting it in the agreement, we're not pretending or promising that he may be able to render—**we don't know whether he can render us any assistance right now or not,** Your Honor.

.    .    .    .    .

> MR. BUNIN: Your Honor, we'll acknowledge on the record that Mr. Robinson has not yet been debriefed by the government, so they do not yet have reason to believe that he will give substantial assistance, but he may well give substantial assistance.
> MR. HENDERSON: And we in good faith—I will ensure that he is debriefed, Your Honor, and given the opportunity to provide substantial assistance.

.    .    .    .    .

> THE COURT: Is that your understanding, too, Mr. Robinson, what these attorneys have just told me?
> THE DEFENDANT: Yes, sir.[7] (emphasis added)

Finally, Robinson and his lawyer at the time of plea negotiations would presumably be in a better position than the government to determine whether Robinson was capable of providing any meaningful assistance. Consequently, the court finds that the government did not know, at the time of the plea agreement, that Robinson would be unable to provide substantial assistance. The plea agreement, therefore, was not illusory and Robinson's resulting guilty plea was knowing and voluntary.[8]

## II.

Robinson next contends that the "if" contained in ¶ 5 of the plea agreement does not

---

**5.** This argument apparently concedes that Robinson did not provide substantial assistance, and the court so finds. Robinson, in effect, waived his opportunity to meet with and otherwise assist the government when he escaped from custody. *Compare United States v. Watson,* 988 F.2d 544 (5th Cir.1988), *cert. denied,* —— U.S. ——, 114 S.Ct. 698, 126 L.Ed.2d 665 (1994) ("Instead of substantially assisting the government's investigation, ... [the defendant] worked against those efforts by engaging in new drug offenses.")

**6.** Robinson contends that the government's agreement to dismiss count 1 would not affect the sentencing guideline calculations. Even if this court were to reach the defendant's argument that the "substantial assistance" clause provided no consideration, the plea agreement was induced at least in part by the government's agreement to dismiss the charges against Robinson's co-defendant and girlfriend, Naomi Lanell Antoine.

**7.** *See* Plea Transcript, at 5–9.

**8.** *See also* III., *infra.*

resolve the matter of what he relied upon at the time he entered his guilty plea. *See, e.g. United States v. Valencia*, 985 F.2d 758, 761 (5th Cir.1993) ("In determining whether the terms of a plea agreement have been violated, the court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement.") Unlike the defendants in *United States v. Hernandez*, 17 F.3d 78 (5th Cir.1994) and *United States v. Wilder*, 15 F.3d 1292 (5th Cir.1994), Robinson does not claim that the term "substantial assistance" as used in the plea agreement is ambiguous or that, in his view, he provided substantial assistance. Instead, he challenges the government's interpretation of the word "if" as used in the plea agreement without specifying his understanding of the term.

■ The court finds ¶ 5, and more specifically the term "if," to be unambiguous. The reasonable interpretation of "if" is "if;" Robinson's substantial assistance is a condition precedent to a motion for a downward departure. Similarly, the term "substantial assistance" was clearly defined in the plea agreement. Consequently, Robinson's argument is without merit.[9]

### III.

■ Withdrawal is also inappropriate under Federal Rule of Criminal Procedure 32(d). Rule 32(d) provides: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." The burden of establishing a fair and just reason for withdrawal remains on the defendant at all times. *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied*, 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988). Finally, there is no absolute right to withdraw a guilty plea. *United States v. Badger*, 925 F.2d 101, 103 (5th Cir.1991).

■ This court considers seven factors when deciding whether to allow the withdrawal: 1) Whether the defendant has asserted his innocence; 2) Whether the government would suffer prejudice if the withdrawal motion were granted; 3) Whether the defendant has delayed in filing his withdrawal motion; 4) Whether the withdrawal would substantially inconvenience the court; 5) Whether close assistance of counsel was available; 6) Whether the original plea was knowing and voluntary; and, 7) Whether the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion. *See United States v. Carr*, 740 F.2d 339 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985). No single factor or combination of factors mandates a particular result. *Badger*, 925 F.2d at 104. Instead, this court makes its determination based on a totality of the circumstances. *Id.*

■ Mr. Robinson does not assert his innocence. However, the government did not explicitly claim that it would be prejudiced by the withdrawal. Nevertheless, the government did object to Mr. Robinson's motion. *See e.g. United States v. Rodriguez–DeMaya*, 674 F.2d 1122, 1129 (5th Cir.1982) (Absence of prejudice to government does not give a defendant an absolute right to withdraw plea).

Furthermore, the defendant filed the motion to withdraw his plea of guilty on the same day as his scheduled sentencing and more than four and a half months after his plea of guilty to the court. Robinson offered no explanation for this lengthy delay.[10] In *Carr*, 740 F.2d at 345, the court noted:

The purpose [of allowing withdrawal of a guilty plea] is not to allow a defendant to

---

9. Robinson also cannot claim that he did his part or stood ready to perform the plea agreement but was unable to do so because the government had no further need or opted not to use him. *See United States v. Melton*, 930 F.2d 1096, 1098–99 (5th Cir.1991). In fact, Robinson was a fugitive for the three months preceding sentencing. Pri-

or to his escape, he emphasized his cooperative spirit by refusing to leave his cell to meet with the U.S. Probation Officer assigned to his case.

10. Certainly, Robinson's wanderlust cannot justify the delay.

make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.

Consequently, the court finds that the defendant delayed in filing his motion.

The court further finds that allowing Robinson to withdraw his plea would substantially inconvenience the court. With the increase of criminal filings in this court, a full trial would delay or disrupt current criminal trial settings. This disruption could also have adverse implications on this and other pending criminal matters in light of the Speedy Trial Act.[11] *See, e.g. Carr,* 740 F.2d at 346 ("Moreover, denying a withdrawal motion when it would waste judicial resources protects the rights of other accused persons awaiting trial.") (citation omitted).

Mr. Robinson not only had close assistance of counsel but had close assistance of highly effective counsel. Robinson's lawyer, Mr. Alexander Bunin, is an experienced Assistant Federal Defender and is board certified in the area of criminal law.

The court also finds that Robinson knowingly and voluntarily entered the plea. For a plea to be knowing and voluntary, "the defendant must be advised of and understand the consequences of the [guilty] plea." *United States v. Gaitan,* 954 F.2d 1005, 1011 (5th Cir.1992) (citations omitted). At the original plea hearing, the court carefully provided a litany of admonishments and explanations to Robinson, including the elements of the charge, the consequences of the plea, the offense's maximum punishment, and the circumstances under which the government would file a motion for downward departure. Moreover, in response to the court's question, Robinson stated that he understood the consequences of the plea.

Robinson also agreed that he had not been forced to plead guilty and had entered into the plea agreement knowingly and upon the advice of counsel. In *United States v. Clark,* 931 F.2d 292, 295 (5th Cir.1991), *quoting United States v. Darling,* 766 F.2d 1095 (7th Cir.), *cert. denied,* 474 U.S. 1024, 106 S.Ct.

579, 88 L.Ed.2d 561 (1985), the court stated: "the defendant's declaration in open court that his plea is not the product of threats or coercion carries a strong presumption of veracity." Based on both Robinson's demeanor and answers to the court's questions at the plea hearing, this court finds that Robinson's plea was knowing and voluntary. Again, Robinson has presented no evidence to challenge this conclusion.[12]

This court further finds that allowing withdrawal of the guilty plea would waste judicial resources. The court has already taken Robinson's plea, ordered the Probation department to prepare a Pre–Sentence Investigation Report, and reviewed the report. A trial on the same subject matter would require additional judicial resources and would burden this court's already busy criminal docket.

Finally, the defendant has proffered no reason for the delay in filing the motion to withdraw his plea. *See Carr,* 740 F.2d at 344 ("[T]he longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion.").

In summary, Robinson has simply not provided a factually or legally sufficient showing for this court to withdraw his guilty plea under Rule 32(d). Based on the totality of circumstances, therefore, this court denies Robinson's motion to withdraw his plea of guilty based on Fed.R.Crim.P. 32(d).

## IV.

As this court ordered from the bench on June 17, 1994, the Defendant's Motion to Withdraw Plea is DENIED.

---

**11.** 18 U.S.C. § 3161 et seq.

**12.** *See* I., *supra.*