IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10818

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GLYN EARL JOHNSON, also known as G,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:95-CR-98-G(2))
_____

April 10, 1996

Before KING, HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:[*]

Glyn Earl Johnson appeals from his sentence following his guilty-plea convictions for conspiracy to possess with intent to distribute cocaine and money laundering. He argues that the district court erred by failing to make a specific finding in compliance with Fed. R. Crim. P. 32 with regard to whether he was in possession of a firearm pursuant to U.S.S.G. § 2D1.1. We have reviewed the record and find no reversible error. The district court complied with the dictates of Rule 32 by making a determination that no finding was necessary because the issue of Johnson's knowledge that the guns were in his vehicle would not affect sentencing. See United States v.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Piazza, 959 F.2d 33, 37 (5th Cir. 1992). The district court did not err by finding that the issue of Johnson's knowledge of the weapons had no impact upon the calculation of his sentence because the court was permitted to infer that the weapons were reasonably foreseeable to Johnson. See United States v. Aguilera-Zapata, 901 F.2d 1209, 1215 (5th Cir. 1990). The district court was not required by Rule 32 to make a specific finding with regard to whether the possession of the weapons was reasonably foreseeable to Johnson because Johnson did not argue that the weapons were not reasonably foreseeable to him. See United States v. Esqueda-Moreno, 56 F.3d 578, 580 n.2 (5th Cir.), cert. denied, 116 S. Ct. 348 (1995).

Johnson's reliance upon this court's opinion in United States v. Pofahl, 990 F.2d 1456 (5th Cir.), cert. denied, 114 S.Ct. 266 (1993), is misplaced. In Pofahl, the PSR alleged that the firearm belonged to the defendant and that the defendant possessed it at the time of his offense. Id. at 1486. The defendant alleged, however, that an enhancement pursuant to § 2D1.1 was improper because the firearm actually belonged to his roommate. Id. Thus, unlike the present case, the issue of the defendant's possession of the weapon in Pofahl was directly in dispute and, thus, a controverted matter. See id.

Accordingly, the judgment of the district court is AFFIRMED.