**UNITED STATES of America**

v.

**David DANIELS, Defendant.**

**No. Crim.A. 97–00022–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 6, 1998.

**564**

Ray B. Fitzgerald, Jr., Roanke, VA, for U.S.

Frank A. Mika, Waynesboro, VA, for David Daniels.

### MEMORANDUM OPINION

MICHAEL, Senior District Judge.

 At the sentencing hearing for the defendant David Daniels, in the above-captioned case, the defendant orally moved to withdraw his guilty plea. Fed.R.Crim.P. 32(e) states that, "If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." (West 1997). The Rule does not grant defendants an absolute right to withdraw their plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.1991), *citing, United States v. Rios–Ortiz*, 830 F.2d 1067 (9th Cir.1987). The district court has discretion to determine whether a defendant seeking to withdraw his plea has proffered a "fair and just reason." Fed.R.Crim.P. 32(e); *Moore,* 931 F.2d at 248, *citing, United States v. DeFreitas,* 865 F.2d 80, 82 (4th Cir.1989); *United States v. Haley,* 784 F.2d 1218, 1219 (4th Cir.1986). *Moore* outlines factors which a court should consider regarding the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Moore,* 931 F.2d at 248, *citing, United States v. Hurtado,* 846 F.2d 995, 997 (5th Cir.); *United States v. Carr,* 740 F.2d 339, 343–44 (5th Cir.1984); *United States v. Kobrosky,* 711 F.2d 449, 455–56 (1st Cir.1983).

The court has reviewed carefully the transcript of the defendant's guilty plea hearing. The transcript reveals that this court carefully ascertained that the defendant had graduated from high school, was able to read and write, was not under the influence of any alcohol or narcotic, and had spoken with his attorney about the indictment. Following this colloquy, the court determined that the defendant was competent to plead. The court asked the defendant twice specifically if the defendant understood the proceedings in which he found himself. The court reviewed the minimum and maximum possible penalties and the charges against the defendant. The United States presented testimony as to the evidence it would present if the case went to trial. At each stage of the proceedings, the court ascertained that Mr. Daniels understood the ramifications of his guilty plea. The defendant responded each time that he understood the implications of the plea, the penalties he faced, the rights he would be renouncing, and the proceedings themselves.

 Against the backdrop of this carefully conducted hearing, the defendant does not provide sufficient evidence for this court to

conclude that his guilty plea was not knowing and voluntary. The defendant has adduced no evidence to show that the plea was involuntary or that he was not competent to plead at the time of the hearing. The defendant has not credibly asserted innocence of the charges in the indictment. The delay between the guilty plea and the sentencing hearing at which the defendant sought to withdraw the guilty plea was one of six and a half months, regarding which delay, defendant gave no explanation. Mr. Mika, defendant's counsel, has appeared before this court for many years and the court has found Mr. Mika always to be a concerned and diligent representative of his clients, who explains the criminal proceedings in general and the implications of a defendant's action to the defendant. Moreover, at the guilty plea hearing, Mr. Daniels specifically testified that he had consulted with Mr. Mika to his satisfaction and that Mr. Mika had explained to Mr. Daniels the charges laid against the defendant, the details of the plea agreement, and the implications of a guilty plea. Based on its analysis of the factors delineated by *Moore*, the court finds that the defendant has not provided "fair and just reason" requiring the court to allow the defendant to withdraw his guilty plea. The motion shall be denied.

An appropriate order this day shall issue.

### ORDER

The court has considered the February 18, 1998 oral motion of the defendant in the above-captioned case to withdraw his guilty plea. For the reasons stated in the accompanying memorandum opinion, it is hereby

### ADJUDGED AND ORDERED

that defendant's motion to withdraw his guilty plea shall be, and hereby is, DENIED.

The Clerk of the Court is hereby directed to send a certified copy of this order to all counsel of record.