United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-20664
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

TONY HARVEY a/k/a Rymond Cleveland,

Defendant-
Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-928-2
-----------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tony Harvey ("Harvey") appeals his guilty plea conviction for possession of a firearm by a

convicted felon. He argues that the district court erred by denying his motion to withdraw his guilty

plea. We review the district court's ruling for an abuse of discretion. United States v. Grant, 117

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 788, 789 (5th Cir. 1997).  Harvey failed to carry his burden of establishing a fair and just reason for withdrawing his plea.  See United States v. Hurtado, 846 F.2d 995, 997 (5th Cir. 1988).  Harvey's previous sworn statement that he was guilty and the timing of his last minute oral motion to withdraw the guilty plea show that the district court did not abuse its discretion in denying Harvey's motion to withdraw guilty plea.  See Grant, 117 F.3d at 790.  The denial of the motion to withdraw the guilty plea is AFFIRMED.

Harvey additionally argues that the district court erred by denying his motion to suppress. Harvey, however, has not shown that his unconditional guilty plea was unknowing or involuntary. A valid guilty plea waives a defendant's right to challenge any non-jurisdictional defect in the proceedings leading to a conviction, including Fourth Amendment violations.  See United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999).  Accordingly, the portion of the appeal concerning this issue is DISMISSED.  See United States v. Baymon, 312 F.3d 725, 729 (5th Cir. 2002).

AFFIRMED IN PART, DISMISSED IN PART.