IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-50833
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR ESQUEDA-MORENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the
Western District of Texas
_____

(June 14, 1995)

Before JOHNSON, WIENER, and STEWART Circuit Judges.

JOHNSON, Circuit Judge:

In 1989, Defendant-Appellant Salvador Esqueda-Moreno ("Esqueda") pleaded guilty of importing marijuana into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). Esqueda failed to appear for his subsequent sentencing hearing and was a fugitive from the law until he was apprehended on unrelated charges in 1994. Esqueda finally underwent his sentencing hearing for the 1989 marijuana charges in 1994 when he was assigned an offense level of twenty-eight under the United States Sentencing Guidelines ("the Guidelines") and sentenced to ninety months in the federal penitentiary. Esqueda now appeals his two-point upward adjustment for obstruction of justice on the grounds that the district court

failed to make a specific finding as to whether Esqueda *willfully* failed to appear for sentencing immediately following the 1989 guilty plea. Because we believe that the willfulness of Esqueda's failure to appear at the sentencing hearing did not constitute a controverted issue under the terms of FED. R. CRIM. P. 32 and thus did not require a specific finding, we affirm.

I.  Facts and Procedural History

On December 19, 1989, Esqueda pleaded guilty to importing over 100 kilograms of marijuana into the United States from Mexico. Esqueda posted a $25,000 bail bond and was released until his sentencing hearing which was scheduled for February 13, 1990. When Esqueda failed to report for his February sentencing hearing, the district court revoked the bond and issued a warrant for Esqueda's arrest. On April 6, 1994, Esqueda was arrested in California on other drug-related charges. On April 8, 1994, the United States Marshal Service lodged a detainer and Esqueda was taken into federal custody on October 28, 1994. Sentencing on the 1989 federal importing of marijuana charges was rescheduled for December 14, 1994.

The probation officer updated Esqueda's presentence report ("PSR") to reflect his failure to appear for the February 13, 1990, sentencing date. In recalculating Esqueda's offense level, the probation officer included a two-level adjustment for willful obstruction of justice. Esqueda lodged only one written objection to the PSR. He objected to the PSR's failure to include a two-point downward adjustment for acceptance of responsibility. During

2

the actual sentencing hearing as well, Esqueda's counsel referred only to the lack of a downward acceptance of responsibility adjustment in contesting the PSR. The district court overruled the acceptance of responsibility objection, stating that Esqueda's situation was not one of those rare instances warranting an offense level enhancement for obstruction of justice *and* a downward adjustment for acceptance of responsibility.

After the district court overruled Esqueda's objection to the presentence report, the district court allowed Esqueda to make any unsworn statements he desired to make to the district court before the court imposed sentence. Esqueda stated that the reason he did not appear for sentencing in 1990 was that an acquaintance had told him that if he paid the $25,000 bond, he did not have to appear for sentencing. Esqueda claimed that he therefore sold his home in Texas, paid the proceeds to his bail bond company, and then moved to California.[1] In response to Esqueda's statements the district court stated, "I will agree with you that you succeeded in carrying on, going your merry way for about four years before it caught up

---

[1]Esqueda also proffered this same excuse for his failure to appear at the 1990 sentencing hearing during his presentence interview with the probation officer who prepared the PSR. After specifically noting that wilfulness is a requirement for an obstruction enhancement based upon failure to appear in court, the probation officer found that Esqueda had obstructed justice by failing to appear for sentencing, changing his residence, and remaining a fugitive until he was taken into custody. The probation officer also found that Esqueda had not accepted responsibility for his conduct and did not deserve a corresponding downward adjustment. The probation officer based her finding that Esqueda had not accepted responsibility for his conduct on the fact that he engaged in similar conduct during his fugitive status as evidenced by his drug arrest in California.

with you."  (II Record at 18.)

The district court then adopted the factual findings and the Guidelines application in the PSR.  The court found Esqueda's total offense level to be twenty-eight with a criminal history of II, which left Esqueda with a sentencing range of 87-108 months.  The district court ordered Esqueda to serve ninety months in prison followed by four years of supervised release and to pay a fifty dollar special assessment.

Esqueda now appeals the district court's sentence.  He asserts that the district court failed to comply with FED. R. CRIM. P. 32 and that, as a result, the district court may have incorrectly applied the Guidelines.  Esqueda contends that the district court violated Rule 32 by failing to make a specific factual determination as to whether Esqueda *willfully* failed to appear for his scheduled sentencing in 1990.  Esqueda claims that such a specific finding was necessary because of the comments he made at his sentencing regarding his misunderstanding of the effect of paying the $25,000 bond.  Esqueda argues that his comments placed the willfulness issue in controversy so as to require the district court to make specific findings under Rule 32.

## II.  Discussion

A district court's legal application of the Guidelines is reviewed de novo, while any fact findings made in applying the Guidelines are reviewed for clear error.  *United States v. Palmer*, 31 F.3d 259, 261 (5th Cir. 1994).  While a Rule 32 violation may be addressed for the first time on appeal, Esqueda cannot meet his

4

burden of establishing that the district failed to comply with the rule and, thus, there is no reversible error. *See United States v. Manotas-Mejia*, 824 F.2d 360, 368 (5th Cir.), *cert. denied*, 484 U.S. 957 (1987) (allowing a Rule 32 violation to be addressed for the first time on appeal).[2]

FED. R. CRIM. P. 32(c)(1) provides that:

> At the sentencing hearing,the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing.

As may be seen from the plain language, Rule 32(c)(1) requires only that sentencing court rule on any "unresolved *objections* to the presentence report." FED. R. CRIM. P. 32 (emphasis added). Numerous decisions of this Court are grounded on the assumption that a matter becomes "controverted" so as to implicate the requirements of the third sentence of Rule 32(b)(1) only after there is an "unresolved objection" pursuant to the first sentence. *See, i.e., United States v. Ruiz*, 43 F.3d 985, 991 (5th Cir. 1995) (emphasizing the necessity for the filing of written or oral objections to the PSR in order to contest the information found in

---

[2]*Manotas-Mejia* addresses the former Rule 32(c)(3)(D), which became Rule 32(c)(1) after the 1994 amendment. The notes of the advisory committee make clear that no major change was intended in regard to practice surrounding Rule 32; therefore, the spectrum of appellate review remains unchanged. *See* Rule 32(c) advisory committee's notes.

the PSR so as to require findings under Rule 32(c)(3)(D))[3]; *United States v. Wiley*, 979 F.2d 365, 369 (5th Cir. 1992) (commenting that Rule 32 requires the district court to make findings with regard to allegations of factual inaccuracies in the PSR when "objections" are unresolved); *United States v. Rodriguez*, 897 F.2d 1324, 1327-28 (5th Cir.), *cert. denied*, 498 U.S. 857 (1990) (requiring objections to the PSR to be made "with specificity and clarity" so that the district court can delineate what is and is not a specifically disputed issue of fact). The district court cannot be expected to conduct an independent analysis of the PSR, looking for every potential dispute or controversy within the facts and conclusions the PSR has set forth. This is precisely why Rule 32(b)(1) provides the defendant with the mechanism of objecting to the PSR in order to turn the district court's attention to any errors of controversy. Esqueda has failed to show that the district court was required to address the issue of the willfulness of his failure to appear at the 1990 sentencing because Esqueda never raised a general or specific objection to the obstruction of justice enhancement. Prior to and during sentencing, Esqueda raised the same solitary objection—that the PSR should have included a downward adjustment for acceptance of responsibility. He did not

---

[3]Significantly, *Ruiz* also places a great deal of emphasis on the fact that the Local Rules of the district court generally required written objections to place PSR findings in controversy. *See id.* at n.13. Like the Southern District of Texas involved in *Ruiz*, the Western District of Texas involved in the case at bar required the delivery of written objections in order to put the PSR into controversy unless good cause was shown in order to allow such objections orally at the sentencing hearing.

6

argue——either in his presentence objections to the PSR or during the sentencing hearing itself——that he should receive a downward adjustment because his failure to appear at the 1990 sentencing hearing was not willful. Moreover, Esqueda never raised an objection at any time concerning the PSR's inclusion of the two-level upward adjustment in his offense level for obstruction of justice——the very aspect of Esqueda's sentence that he now contends raises the issues of willfulness and the district court's failure to address it. Because Rule 32 contemplates an objection to place a fact or conclusion in the PSR into controversy, the district court was not required to make a specific finding as to the willfulness of Esqueda's failure to appear at his 1990 sentencing hearing.

### III. Conclusion

FED. R. CRIM. P. 32(c)(1) contemplates an objection in order to place the PSR into controversy so as to require the district court to make specific findings as to the controversial issue. Because Esqueda failed to object to the obstruction of justice enhancement, the district court was not required to make any specific finding as to whether Esqueda willfully failed to appear at his sentencing hearing in 1990. Therefore, the district court's sentence is affirmed.

AFFIRMED.

7