IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60336

_____

LAWRENCE M. CERVERIZZO,

Defendant-Appellant,

v.

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

January 29, 1996

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:

Lawrence M. Cerverizzo appeals the sentence given him after he pleaded guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Cerverizzo appeals on two grounds: first, that, in determining his criminal history category, the district court improperly included a prior conviction which was subject to expunction; and second, that the government violated its plea agreement by failing to make a motion for a downward departure from Cerverizzo's mandatory minimum sentence pursuant to U.S.S.G. § 5K1.1. Finding no merit in Cerverizzo's arguments, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Lawrence M. Cerverizzo was arrested by a deputy sheriff at the Kewanee Truck Scales in Lauderdale County, Mississippi.  The arrest followed a search of Cerverizzo's tractor-trailer rig[1] prompted by a Public Service Commission employee's discovery of a small amount of methamphetamine in the cab of the rig during a safety inspection.  In the course of the search, the deputy sheriff discovered a large quantity of marijuana in the trailer of the truck.  Subsequent to Cerverizzo's arrest, police also discovered a .25 caliber pistol in a suitcase in the sleeper compartment of Cerverizzo's rig.

A three-count indictment charged Cerverizzo with (1) possession with intent to distribute 178.4289 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1); (2) possession of .59 grams of methamphetamine in violation of 21 U.S.C. § 844(a); and (3) carrying and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  Cerverizzo entered a plea of guilty to the first count, and the second and third counts were dismissed.  Cerverizzo was sentenced to serve sixty months imprisonment and four years of supervised release, and ordered to pay a $1000 fine.

In computing Cerverizzo's sentencing range under the Sentencing Guidelines, the district court considered Cerverizzo's

---

[1]  The parties to this action dispute the ownership of the tractor-trailer rig.  However, the ownership of the rig is irrelevant to this appeal.

1989 conviction in La Paz County, Arizona, for possession of a dangerous drug as part of his criminal history. Cerverizzo objected to the consideration of this prior conviction on the grounds that it was expungeable under Arizona law. However, because Cerverizzo never took the steps required by Arizona law to expunge the conviction, the district court overruled the objection.

Prior to entry of the plea, Cerverizzo and the government entered into a plea agreement under which the government agreed to dismiss the counts of the indictment relating to methamphetamine and firearm possession and to request a sentence in the lowest 25% of the applicable sentencing guidelines range determined by the court.

The trial court found the relevant sentencing guidelines range to be fifty-one to sixty-three months. However, because the offense which was the basis of this conviction involved more than one hundred kilograms of marijuana, the court found that the mandatory minimum sentence for the conviction was sixty months. The government recommended a sixty-month sentence, which the court imposed. Cerverizzo made no objection on the basis of the government's recommendation before entry of judgment against him.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"A district court's legal application of the Guidelines is reviewed de novo . . . ." United States v. Esqueda-Moreno, 56

F.3d 578, 580 (5th Cir. 1995).  Thus, we conduct a de novo review of the question of whether the district court erred in computing Cerverizzo's criminal history category.

Cerverizzo never objected to the government's failure to request a downward departure from the sentencing guidelines. Because this complaint is raised for the first time on appeal, we review it for plain error.  United States v. Wilder, 15 F.3d 1292, 1301 (5th Cir. 1994).  "The government's breach of a plea agreement can constitute plain error."  Id. at 1301.  However, under FED. R. CRIM. P. 52(b), plain error is only established when the appellant demonstrates the following factors: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the substantial rights of the appellant.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 113 S. Ct. 1770, 1776-79 (1993)), cert. denied, 115 S. Ct. 1266 (1995).

Furthermore, the decision to correct plain forfeited error is within the sound discretion of the court of appeals.  Olano, 113 S. Ct. at 1776.  We "should correct a plain forfeited error affecting substantial rights if the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings'".  Id. at 1779 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).


B.  **EXPUNCTION**

Cerverizzo contends that his prior Arizona conviction for possession of a dangerous drug should not have been considered in calculating his criminal history category because the conviction was expungeable under Arizona law. However, he admits that neither he nor the attorney representing him in the Arizona proceedings took the actions required under Arizona law to have the conviction expunged.

The Sentencing Guidelines provide that "[s]entences for expunged convictions are not counted" in calculating criminal history category. U.S.S.G. § 4A1.2(j). While this court has not previously addressed the issue, three other circuits have held that the mere fact that a prior conviction is expungeable before sentencing does not render the conviction expunged for purposes of § 4A1.2. United States v. Varela, 993 F.2d 686, 692-93 (9th Cir.), cert. denied, 114 S. Ct. 232 (1993); United States v. Cox, 934 F.2d 1114, 1124 (10th Cir. 1991); United States v. Bucaro, 898 F.2d 368, 372 n.6 (3rd Cir. 1990). Additionally, the Fourth Circuit has arrived at the same conclusion in dicta. United States v. Bagheri, 999 F.2d 80, 84-85 (4th Cir. 1993).

Cerverizzo relies on United States v. Johnson, 941 F.2d 1102 (10th Cir. 1991), for the proposition that his prior conviction ought to be deemed expunged even though he failed to take the steps required under Arizona law to effect expunction. In Johnson, the court deemed the appellant's prior conviction expunged in the absence of any affirmative act on the part of the appellant to have the conviction expunged. Id. at 1112.

However, in that case, the court construed the applicable Oklahoma expunction statute[2] to operate automatically because (1) the language of the statute indicated that expunction was mandatory, and (2) the statute enumerated no procedures that the convicted person was required to follow in order to have a conviction expunged.  Id. at 1111-12.

The Arizona statute applicable in this case clearly does not operate to expunge automatically convictions which meet its criteria.  The statute provides in relevant part

> [E]very person convicted of a criminal offense may, upon fulfillment of the conditions of probation or sentence and discharge by the court, apply to the judge, justice of the peace or magistrate who pronounced sentence or imposed probation or such judge, justice of the peace or magistrate's successor to have the judgment of guilt set aside.  The application to set aside the judgment may be   made by the convicted person or by his attorney or probation officer authorized in writing.  If the judge, justice of the peace or magistrate grants the application, the judge, justice of the peace or magistrate shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction . . . .

ARIZ. REV. STAT. ANN. § 13-907 (West 1995).  Unlike the Oklahoma statute at issue in Johnson, the Arizona statute (1) appears to make expunction discretionary, and (2) establishes that affirmative steps on the part of the convicted person or a representative are necessary to effect the expunction.

---

[2]  "Upon completion of the probation term . . . the defendant shall be discharged without a court judgment of guilt, and the verdict or plea of guilty or plea of nolo contendere shall be expunged from the record and said charge shall be dismissed with prejudice to any further action." OKLA. STAT. ANN. tit. 22, § 991c (West 1986) (emphasis added).

Cerverizzo relies upon § 13-912 of the Arizona Revised Statutes[3], which provides for the automatic restoration of a first-time felony offender's civil rights, in support of his position that § 13-907 operates automatically. However, the fact that § 13-912 operates automatically does not indicate that § 13-907 also operates automatically. First, § 13-912 does not mention expunction of prior convictions, and is thus not directly applicable. Second, any inference of a legislative intent that § 13-907 is to operate automatically which might otherwise be drawn from the language of § 13-912 is negated by the discretionary language in § 13-907.

Thus, because Cerverizzo failed to follow the procedure required by Arizona law to have his prior conviction expunged, the conviction has not been expunged and may be used in calculating his criminal history category for purposes of the present conviction. Accordingly, we find Cerverizzo's first point of error without merit.

## C.  PLEA AGREEMENT

---

[3]  The statute provides in relevant part

Upon completion of the term of probation, or upon absolute discharge from imprisonment, and upon the completion of payment of any fine or restitution imposed, any person who has not previously been convicted of any other felony shall automatically be restored any civil rights which were lost or suspended by the conviction.

ARIZ. REV. STAT. ANN. § 13-907 (West 1995).

7

Cerverizzo next contends that the government failed to satisfy its duties under the plea agreement because it did not request a downward departure from the mandatory minimum sentence pursuant to U.S.S.G. § 5K1.1. Whether the government has violated a plea agreement is a question of law hinging upon "whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." United States v. Hernandez, 17 F.3d 78, 80-81 (5th Cir. 1994) (internal quotations and footnotes omitted).

Under the plea agreement, the government agreed to recommend a sentence "within the lowest 25% of the applicable sentencing guidelines range as computed by the Court." The district court found that Cerverizzo's criminal history category was two and that his offense rating was twenty-three. The sentencing range ordinarily available for an offender with Cerverizzo's criminal history category and offense rating was fifty-one to sixty-three months. U.S.S.G. ch. 5 pt. A (Sentencing Table). However, because Cerverizzo's conviction involved more than one hundred pounds of marijuana, he was subject to a mandatory minimum sentence of sixty months in accordance with 21 U.S.C. § 841(b)(1)(B).

Cerverizzo argues that the "applicable sentencing guideline range" within the meaning of the plea agreement was fifty-one to sixty-three months, which would thus place the sixty-month sentence requested by the government outside the bottom 25% of the range. The government argues that the "applicable sentencing

8

guideline range" as determined by the court was sixty to sixty-three months, and that it thus fulfilled the plea agreement by requesting a sentence of sixty months.

The only arguable basis for Cerverizzo's interpretation of the plea agreement stems from the language of U.S.S.G. § 5G1.1, which states that whenever a mandatory minimum sentence is within the applicable guideline range, "the sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than the statutorily authorized minimum sentence."  Under this argument, the language might be construed as establishing that, where a mandatory minimum sentence falls within the applicable guideline range, the applicable guideline range itself does not change, but rather the portion of the guideline range within which the sentence may be imposed is limited.  Under such a construction, the government would still be required to request a sentence in the lower 25% of the fifty-one to sixty-three month range, which would necessitate a request for a downward departure from the mandatory minimum.

However, even if we construe arguendo the plea agreement as requiring the government to request a sentence within the lowest 25% of the fifty-one to sixty-three month range, no basis for reversal exists because the error in this case does not affect a substantial right of Cerverizzo.  "[I]n most cases, the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding."  Calverly, 37 F.3d at 164.  In this case, the error could not have affected the length

9

of Cerverizzo's sentence because the district court could not have sentenced him to less than the statutorily mandated sixty-month minimum.

Cerverizzo contends that the plea agreement required the government to request a downward departure from the mandatory minimum sentence pursuant to U.S.S.G. § 5K1.1. Section 5K1.1 states

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

Downward departure from a mandatory minimum sentence is only appropriate "for the purpose of reflecting a defendant's substantial assistance." United States v. Alvarez, 51 F.3d 36, 39 (5th Cir. 1995).

In this case, Cerverizzo provided the government with no assistance whatsoever in prosecuting another person. Thus, even if the government had requested a downward departure from the mandatory minimum, the district court would have been required to deny the request and impose the mandatory minimum sentence.

Cerverizzo contends that United States v. De la Fuente, 8 F.3d 1333 (9th Cir. 1993), provides support for his position. In that case, the Ninth Circuit held that, where the government agreed to recommend a sentence at the low end of the defendant's guideline range of forty-one to fifty-one months and the defendant faced a five-year mandatory minimum sentence, the government was required to request a downward departure from the mandatory minimum. Id. at 1335, 1340. However, in De la Fuente,

10

there was an independent basis that would allow the district court to grant a motion for downward departure from the mandatory minimum sentence:  the defendant had provided assistance in convicting a co-conspirator.  <u>Id</u>. at 1340.  In this case, no such basis for granting a request for downward departure exists.

Because any failure of the government to comply with the plea agreement could not have affected a substantial right of Cerverizzo, any error in this regard is not plain error, and thus provides no basis for reversal.  Accordingly, we find Cerverizzo's second point of error without merit.


**III.  CONCLUSION**

For the foregoing reasons, the district court's judgment is AFFIRMED.