IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-21044
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

DIRON WEBSTER OLIVER,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court for the
Southern District of Texas
(CR H-94-231-3)
_____

October 9, 1996
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

GARWOOD, Circuit Judge:

        In this appeal, defendant-appellant Diron Oliver (Oliver)

complains of the sentence imposed under the United States

Sentencing Guidelines (U.S.S.G.) following his conviction on a plea

of guilty to a charge of receiving stolen money from a federally

insured bank in violation of 18 U.S.C. § 2113(c).  Oliver raises

two arguments on appeal: (1) the district court erred in not

[*]     Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

awarding him a two-level reduction for acceptance of responsibility under section 3E1.1 of the U.S.S.G. and (2) the government breached the plea agreement by failing to recommend to the court that Oliver receive a reduction for acceptance of responsibility. For the reasons that follow, we affirm.

## Facts and Proceedings Below

On August 23, 1994, twelve individuals, armed with .9 and .45 millimeter handguns and shotguns, robbed the Normangee State Bank of Normangee, Texas. One of those individuals, Steven Thomas, contacted Oliver and enlisted Oliver's assistance to transport him and harbor him in Oliver's residence. Oliver later came into knowing possession of the proceeds of the bank robbery, which included giving Thomas's girlfriend $750 of the stolen money and using the proceeds to purchase money orders.

Oliver was charged by indictment with being an accessory after the fact of the bank robbery in violation of 18 U.S.C. § 3 (Count 1) and receiving stolen money in violation of 18 U.S.C. § 2113(c) (Count 3). On February 3, 1995, pursuant to Federal Rule of Criminal Procedure 11(e)(1)(A) & (B), Oliver entered into a written plea agreement with the government. Oliver agreed to plead guilty to Count 3 and to waive the right to appeal his sentence, with two limited exceptions: Oliver could appeal his sentence if the court (1) imposed a sentence above the statutory maximum or (2) applied an upward departure from the U.S.S.G. where the government does not

2

request such a departure. In exchange, the government agreed to dismiss Count 1, and to make a nonbinding recommendation to the court that Oliver be awarded a reduction for acceptance of responsibility "if, in the Government's opinion, the defendant is entitled to such a reduction."

On November 20, 1995, the Presentence Investigation Report (PSR) was disclosed, recommending denial of a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Oliver initially filed written objections to the PSR challenging the probation department's recommendation, but at sentencing withdrew his objections.

At sentencing, the government advised the court that Oliver had cooperated with the government and recommended that Oliver be sentenced at the lower end of the guideline range. The court chose not to follow the government's recommendation, and instead sentenced Oliver within, but at the higher end of, the guideline range. Oliver received a 14-month term of imprisonment, a 2-year term of supervised release, and was ordered to pay $50 in mandatory cost assessments.

## Discussion

Oliver's first argument on appeal is that the district court misapplied the sentencing guidelines by not awarding a two-point reduction in his offense level for acceptance of responsibility despite his written statement in the PSR indicating he fully

3

understood the "thoughtless and harmful" nature of the crime he had committed. This argument is without merit, however, because Oliver voluntarily waived his right to appeal his sentence, and thus is precluded from raising the issue before this Court.

The right to appeal is not a constitutional right, but rather a statutory right. *United States v. Henderson*, 72 F.3d 463, 464-65 (5th Cir. 1995) (*citing Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038 (1977)). A defendant may waive statutory rights, including the right to appeal, as part of a plea bargaining agreement so long as the waiver is informed and voluntary. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Here, Oliver does not assert that his plea was either unknowing or involuntary. Furthermore, after a *de novo* review of the record, we must conclude that the plea was both informed and voluntary.

The plea agreement, signed by Oliver, provides that he knowingly waives the right to appeal the sentence or the manner in which it was determined, except that Oliver may appeal a sentence imposed by the court above the statutory maximum or if the court departs upward from the sentencing guidelines despite the government's decision not to request such a departure. The agreement goes on to state that the government "does not make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant

4

knowingly waives the right to appeal the sentence in exchange for the concessions made by the United States in this plea agreement."

Moreover, during the rearraignment colloquy, the court asked Oliver whether he understood that the court was not required to accept the government's recommendation for a reduction and whether he understood that by pleading guilty he was waiving his right to appeal the sentence. To these questions, Oliver answered "Yes, your honor."

Because Oliver's sentence did not exceed the ten-year statutory maximum or constitute an upward departure from the guidelines, and because he knowingly and voluntarily waived the right to appeal his sentence, Oliver cannot challenge his sentence on appeal.

Oliver's second argument is that the government violated the terms of the plea agreement by failing to recommend to the court at sentencing that Oliver receive an offense level reduction for acceptance of responsibility. Because the prosecutor failed to recommend explicitly that Oliver receive a downward adjustment, and instead asked the court that "Mr. Oliver be sentenced to the lower end of the applicable guideline range," Oliver asserts the government breached the agreement.

Oliver never objected below to the government's failure to request a guideline downward adjustment for acceptance of responsibility. Moreover, at sentencing Oliver did not request an acceptance of responsibility guideline adjustment and indeed

5

withdrew his objection to the PSR's failure to recommend such an adjustment. Because Oliver raises this breach-of-plea-agreement claim for the first time on appeal, this Court will apply the plain error standard of review.[1] *United States v. Cerverizzo*, 74 F.3d 629, 632-33 (5th Cir. 1996). Plain error is only established when the defendant demonstrates that (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the substantial rights of the appellant. *Id*. at 631. If these factors are established, the decision to correct the error is within the sound discretion of this Court, and this Court will not exercise that discretion unless the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (en banc) (internal quotations and footnotes omitted), *cert. denied*, ___ U.S. ___, 115 S.Ct. 1266 (1995).

We are not convinced that plain error relief should be afforded.

The PSR, in addition to not recommending acceptance of responsibility, listed "factors that may warrant [upward] departure," stating, *inter alia*, "[t]he Court may wish to consider

_____

[1]    The government argues that, although this Court has applied the plain error standard to review breach-of-plea-agreement claims raised for the first time on appeal, we should refuse to even consider Oliver's claim because he effectively waived it by waiving his right to appeal his sentence and failing to object below. We need not address this issue, because even under plain error analysis, Oliver's argument fails.

6

an upward departure based on the defendant's conduct which is not sanctioned by the applicable guideline and is tantamount to harboring a fugitive."

At sentencing the district judge, despite the government's favorable recommendation on behalf of Oliver, chose to sentence Oliver at the high end of the guideline range after taking into consideration several factors:

> "The Court is mindful of the Government's recommendation and the statements made on behalf of Mr. Oliver. The Court does recall Mr. Oliver's testimony during the trial of this case.

> The Court is also mindful of the fact that, as pointed out in the presentence report, Mr. Oliver's plea to count 3 means that the conduct for which he is being sentenced does not include the much harsher penalties that would be triggered had he been convicted under count 1, accessory after the fact, although even the conduct to which he has admitted in the statement that he's filed with the Court clearly suggests conduct that would fall under the statute for accessory after the fact. The sentencing in this case therefore presents the Court with some troubling considerations.

> But the Court is very much aware of Mr. Oliver's cooperation with the authorities.

> . . . .

> The Court has imposed a sentence at the high end of the applicable guideline range in light of two major factors. One is Mr. Oliver's criminal history; and two is the conduct that Mr. Oliver has himself admitted to, the conduct that does go beyond simply receiving stolen money. That is—the conduct that in this Court's judgment requires, in the interest of punishment, just punishment, deterrence, and incapacitation, that the sentence be imposed at the high end of the applicable guideline range."

Even if we assume, *arguendo*, that the government breached its

plea agreement obligation to recommend downward adjustment for acceptance of responsibility "if, in the Government's opinion, the defendant is entitled to such a reduction," any such error is certainly not plain or obvious, because the PSR did not recommend the adjustment and defense counsel withdrew his objection to the PSR's failure to do so and requested no such adjustment. If it was not defense counsel's or the probation officer's opinion that defendant was entitled to such an adjustment, it is hardly plain or obvious that the government was obligated to so conclude. Thus, Oliver fails at least the second prong of the plain error analysis. Moreover, Oliver has not demonstrated that the district court would have accepted the government's recommendation for acceptance of responsibility adjustment, had it made one, particularly as the PSR did not so recommend and defense counsel withdrew his objection to its failure to do so. *Cf. Calverley* at 164-65 (burden on defendant to show prejudice resulted). Thus, Oliver also fails the third prong of the plain error analysis.

Finally, even if Oliver met all the first three elements of the plain error test—which he does not—on consideration of the record as a whole we would not exercise our discretion to recognize the claimed error. We see no serious unfairness or miscarriage of justice.

## Conclusion

Oliver's conviction and sentence are accordingly

8

AFFIRMED.