# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-11410
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES MCCARVER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern  District of Texas
(3:98-CR-112-3-P)

October 6, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Charles McCarver, appearing *pro se*, appeals his guilty-plea conviction for conspiracy to possess cocaine, cocaine base, and heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  We affirm the judgment of the district court.

Under the terms of McCarver's plea agreement, the government agreed to dismiss the remaining counts of the indictment and not to prosecute McCarver for any other offense arising out of the conduct in the factual resume.  The agreed-upon factual resume stated that  McCarver participated in a conspiracy to distribute cocaine and heroin but made no mention of crack  cocaine.  The presentence report ("PSR") attributed to McCarver various quantities of heroin, cocaine, and crack co caine and recommended a sentence between 135 and 168 months.  The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced McCarver to 168 months imprisonment. McCarver now appeals his conviction and sentence.

McCarver first claims that the government breached sections 9 and 12 of the plea agreement when it included information about McCarver's possession and/or sale of crack cocaine in the PSR. Because McCarver raises this issue for the first time on appeal, we review the alleged violations for plain error. *See United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. 1996).

Section 9 of the plea agreement provided, in part, that:

Except as otherwise provided herein, the United States Attorney for the Northern District of Texas agrees further not to prosecute the defendant for any other offense arising out of the conduct described in the factual resume.

McCarver contends that because the factual resume only refers to cocaine and heroine, the government's inclusion of crack cocaine in the PSR violated § 9. McCarver further avers that because crack cocaine was not included in the factual resume, it was not part of his guilty plea. McCarver's argument overlooks the fact that the factual resume is just one part of a plea agreement in which he already pleaded guilty to a count of possession with intent to distribute cocaine, heroine, *and crack cocaine*. Consequently, any crack attributable to McCarver is relevant to the sentence to be imposed for pleading guilty to the charged conduct.

Even if McCarver's conviction was, as he argues, only for conspiracy to possess cocaine and heroine, including his possession or distribution of crack cocaine in the PSR is not a "prosecution" and therefore is not a breach of § 9 of the plea agreement. *See United States v. Hoster,* 988 F.2d 1374, 1378 (5th Cir. 1993) (including uncharged drugs as offense conduct in PSR did not violate agreement not to prosecute defendant for additional offenses); *United States v. Kinder,* 946 F.2d 362, 367 (5th Cir. 1991) ; *United States v. Rodriguez*, 925 F.2d 107, 112 (5th Cir. 1991) ("The prosecutor merely agreed not to prosecute [defendant] for these offenses, not to withhold facts from the court.").

Section 12 of the plea agreements provides as follows:

The defendant, Charles McCarver, has reviewed the Factual Resume in this case and agrees that the information contained therein is true and correct and agrees that it will be submitted to the Court as evidence and agrees that the facts set forth herein may be considered by the Court in determining what sentence to impose.

McCarver claims that the government violated this section of the agreement by providing the probation department with information about his possession and sale of crack cocaine. Section 12 is permissive rather than restrictive. It permits the court to consider the information in the factual resume, but says nothing about the facts upon which the sentence can be based. The government's submission of information concerning McCarver's sale of crack cocaine did not implicate §12 of the agreement. Since McCarver has failed to demonstrate that the government breached either §9 or §12 of the plea agreement, he cannot show plain error.

Next, McCarver argues that his guilty plea was not voluntary because the district court failed to adequately inform him of the elements of the offense to which he was pleading guilty. We review a Rule 11 challenge under a harmless error standard. *See United States v. Johnson*, 1 F.3d 296 (5th Cir. 1993).

Rule 11(c)(1) requires that prior to accepting a plea of guilty or nolo contendere, the court must personally inform the defendant of and determine whether he understands the nature of the charges to which the plea is offered. *See* Fed. R. Crim. P. 11(c)(1). Where the elements of the crime are clear from the indictment or the factual resume, a complete review of these documents in the presence of the defendant is sufficient to inform the defendant of the nature of the charges. *See United States v. Green*, 882 F.2d 999, 1005 (5th Cir. 1989) ("For simple charges . . . a reading of the indictment, followed by an opportunity given the defendant to ask questions about it will usually suffice . . .. In the case of charges of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required; this, of course, is the outer limit.") (quoting *United States v. Dayton*, 604 F.2d 931, 938 (5th Cir. 1979)). Here, the district court requested that the prosecutor read the pertinent portions of the indictment and the factual resume at the Rule 11 colloquy. The description of the offense in both documents contained all of the elements of a narcotics conspiracy. McCarver confirmed that he understood the nature of the charges. The district court's actions satisfy the requirements of Rule 11(c)(1).

McCarver also contends that his conviction was invalid because the government failed to

provide an adequate factual basis from which to conclude that he committed the charged offense. *See* Fed. R. Crim. P. 11(f). An indictment, if sufficiently specific, can constitute an adequate factual basis for a guilty plea. *See United States v. Hinojosa-Lopez,* 130 F.3d 691, 695 (5th Cir.1997). Since McCarver's indictment contained detailed information about the specific acts that constituted the charged conspiracy, McCarver has failed to demonstrate that the district court clearly erred in its determination that a factual basis sufficient to support his guilty plea existed. *See United States v. Adams,* 961 F.2d 505, 509 (5th Cir. 1992)

Finally, McCarver alleges two errors in calculating his sentence: (1) that there was insufficient proof to support the quantity of drugs attributed to him; and (2) that his sentence was improperly enhanced for the use of a juvenile. McCarver knowingly and willingly waived his right to appeal these issues in the written and signed plea agreement. *See United States v. Melancon,* 972 F.2d 566, 567 (5th Cir. 1997); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994). At the plea colloquy, the district court specifically explained to McCarver that the plea agreement provided that he was waiving his right to appeal his sentence. Consequently, McCarver is barred from raising these sentencing issues in the present appeal.

Accordingly, the judgment of the district court is AFFIRMED. Because the district court has already granted McCarver permission to appear *pro se* in this appeal, McCarver's motion to proceed pro se is DENIED as unnecessary. His motion to file a reply brief out of time is DENIED. *See* Fed. R. App. P. 31(a); 5th Cir. R. 31.4.1.