IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41010
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS FERNANDO CASTANOS-FLORES,
also known as Fernando Chavez Gomez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-42-1
--------------------

November 4, 1999

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

The appellant, Jesus Fernando Castanos-Flores, pleaded
guilty to conspiracy to possess with intent to distribute more
than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846,
841(a)(1), and 841 (b)(1)(A).  He was sentenced 180 months'
imprisonment, five years of supervised release, a $25,000 fine,
and a $100 special assessment.

On appeal, Castanos argues that: 1) the district court erred

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in determining the number of participants in the conspiracy because it relied upon information that Castanos provided during cooperation debriefings, in violation of U.S.S.G. § 1B1.8; 2) there was insufficient evidence to conclude that Castanos was a "manager or supervisor" of the conspiracy; 3) Castanos was entitled to the two-level safety valve reduction pursuant to U.S.S.G. § 2D1.1(b)(6); and 4) the district court erred in failing to order the Government to comply with its promise to remain silent on the issue of Castanos' role in the conspiracy.

We have reviewed the record and the briefs submitted by the parties and find no error in the district court's findings of fact or its application of the Sentencing Guidelines. See United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998); United States v. Parker, 133 F.3d 322, 329 (5th Cir.), cert. denied, 118 S. Ct. 1851 (1998); United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995). Furthermore, we find that the district court did not plainly err in failing to order the Government to remain silent on the issue of Castanos' role in the conspiracy. See United States v. Cerverizzo, 74 F.3d 629, 631 (5th Cir. 1996).

AFFIRMED.