IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40848
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES RAY WELCH, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-110-1
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles Ray Welch argues that the district court erred at sentencing in determining that it did not have the authority to depart downward below the minimum statutory penalty pursuant to U.S.S.G. § 5K2.0, p.s., and § 5K2.11, p.s.

"A refusal to grant a downward departure is a violation of law only if the court mistakenly assumes that it lacks authority to depart." See United States v. Yanez-Huerta, 207 F.3d 746, 748 (5th Cir.), cert. denied, 121 S. Ct. 432 (2000) (citation omitted). A district court is authorized to depart below the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

minimum statutory penalty only if the Government files a motion for downward departure that reflects the defendant's substantial assistance.  See United States v. Cerverizzo, 74 F.3d 629, 633 (5th Cir. 1996); United States v. Alvarez, 51 F.3d 36, 39 (5th Cir. 1995).

Because the Government did not file a motion for downward departure showing that Welch had provided it with substantial assistance, the district court correctly determined that it did not have the authority to depart below the minimum statutory penalty.

As Welch concedes, his argument that his sentence was improperly enhanced under 18 U.S.C. § 924(e) because the jury did not determine that he had three prior felony convictions is foreclosed by the holding in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), that a sentencing enhancement factor is not an element of the offense that must be proved beyond a reasonable doubt at trial.

AFFIRMED.