**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-40987

(Summary Calendar)

_____

UNITED STATE OF AMERICA,

Plaintiff - Appellee,

versus

LOUIS TYRONE GREEN,

Defendant - Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
USDC No. 6:00-CR-5-2

November 6, 2001

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Louis Tyrone Green appeals his guilty-plea conviction for conspiracy to distribute cocaine

base. He asserts that the Government breached the plea agreement because it did not recommend

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

at sentencing that his federal sentence run concurrent to any pending state sentences arising out of the same facts giving rise to the federal prosecution.

While we review the question of whether the Government breached the plea agreement *de novo*, because Green did not object to the Government's failure at sentencing, review is for plain error. *See U.S. v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001). In order to establish plain error under FED. R. CRIM. P. 52(b), a party must demonstrate (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the substantial rights of the appellant. *U.S. v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. 1996). Assuming, *arguendo*, that the Government's failure to recommend concurrent sentences was a clear and obvious error, Green still can not establish that this error substantially affected his rights. First, at the time of sentencing, Green had no state sentence pending. Second, after Green pleaded guilty and was sentenced in state court, the district court amended its judgment to order that Green's federal term of imprisonment run concurrent to his state term. As the Government's failure did not affect the outcome of the proceeding, Green has failed to establish plain error. *See U.S. v. Olano,* 507 U.S. 725, 734 (1993) (stating that in most cases, in order to affect substantial rights an error must affect the outcome of the proceeding).

Therefore, Green's guilty-plea conviction and sentence are AFFIRMED.