UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10658
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE OMAR CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:00-CR-286)
_____

February 20, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges

REYNALDO G. GARZA, Circuit Judge:[1]

I.

Jose Castillo pled guilty to one count of possession with the intent to distribute over 500

grams of cocaine and aiding and abetting. Castillo stipulated to the following facts in the factual

resume accompanying his plea:

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

On November 28, 2000, undercover agents met with a man in Fort Worth and arrangements were made for the man to deliver cocaine to the undercover agent. Later that day, this man gave cocaine to CASTILLO with instructions to drive to a grocery store in the North Fort Worth area. Officers followed CASTILLO who was driving a Dodge pick-up to the 1200 block of the Oakhurst Scenic Drive in Fort Worth, Texas. At that time, Fort Worth Patrol Officers arrived and approached the vehicle. CASTILLO immediately exited the vehicle. The officers identified CASTILLO and learned he had no insurance for the vehicle. While speaking with CASTILLO, the officers observed a package, [in] the bed of the pick-up, close to the driver's side. A closer inspection of the package revealed that the package was a kilogram of cocaine.

R. 1, 45.

The presentence report ("PSR") converted the drugs attributable to Castillo to their marijuana equivalent of 228.72 kilograms. This amount included the kilogram of cocaine found in the bed of the truck, 1,204 grams of marijuana also found inside the truck, and 131.6 grams of cocaine found in a motel room where Castillo had obtained the kilogram of cocaine earlier that day.

Castillo received a base offense level of 26 because his offense involved between 100 and 400 kilograms of marijuana. The PSR stated that the Government intended to interview Castillo prior to sentencing for the purpose of determining whether he might be eligible for a two-level safety valve reduction pursuant to U.S.S.G. § 5C1.2. Castillo's base offense level was reduced on account of his acceptance of responsibility, yielding a total offense level of 23. That level, combined with a Criminal History Category of I, resulted in a guideline range of 46 to 57 months of confinement, to which Castillo filed a notice claiming he had no objections. This range, however, fell below the statutory minimum sentence of 60 months imprisonment for possession with intent to distribute over 500 grams of cocaine.

At sentencing, the federal public defender advised the district court that he felt he had not

2

done "everything for Mr/ Castillo that [he] could have done." R. 3, 2. Counsel noted that he believed Castillo qualified for a two-level adjustment for the minor role played in the offense. Though this motion was untimely, the district court considered it on its merits and overruled it.

The district court also inquired into whether there had been "any progress on the question of fully debriefing in order to qualify for the safety valve." R. 3. The Government replied that Castillo had decided against being interviewed, and Castillo did not attempt to refute this characterization of his apparent unwillingness to be interviewed. Accordingly, Castillo did not receive the safety valve reduction. Castillo was sentenced to five years in prison followed by five years of supervised release.

Castillo argues that (1) the Government breached the plea agreement by failing to interview Castillo to determine whether he qualified for a safety valve reduction at sentencing; (2) the district court clearly erred by denying Castillo a minor participant offense level reduction; (3) the district court plainly erred in its drug quantity calculation; and (4) he received ineffective assistance of counsel because his attorney failed to (a) file timely objections to the Presentence Report; (b) request a minor participant offense-level reduction; and (c) schedule an interview with the Government for the purpose of qualifying Castillo for a safety valve reduction.

II.

Castillo argues that the Government breached the "spirit" of the plea agreement by failing to interview him and determine if a safety valve reduction would be appropriate. Castillo concedes that the plea agreement's actual terms did not mandate a government debriefing. Castillo argues instead that this obligation was "implied" because (1) the PSR stated that it

3

planned to interview Castillo; and (2) a notation on the first page of the Factual Resume, initialed by both parties, stated that the five-year statutory minimum sentence could be affected by possible safety valve relief.

Ordinarily, the issue of whether the Government has violated the terms of a plea agreement is a question of law reviewed de novo. *See Bickham Lincoln-Mercury Inc. v. United States*, 168 F.3d 790, 792-93 (5th Cir. 1999). Castillo, however, failed to raise this issue before the district court, and we therefore review only for plain error. *See United States v. Cerverizzo*, 74 F.3d 629, 631 (5th Cir. 1996).

To demonstrate plain error, Castillo must show that (1) there was an error; (2) the error was clear and obvious; and (3) the error affected his substantial rights. Because Castillo cannot show that the Government breached any promise memorialized in the plea agreement, any error would not be obvious, and his argument fails to survive this standard of review. *See id*.

III.

Castillo next argues that the district court clearly erred by denying an offense level reduction pursuant to U.S.S.G. ¶ 3B1.2 for being a minor participant. Before addressing this contention, we must first note that Castillo's total offense level of 23, coupled with a Criminal History Category of I, yielded a guideline sentencing range of between 46 and 57 months. This sentencing range, however, fell below the statutory minimum sentence of 60 months imprisonment. Thus, even with a minor participant reduction, Castillo would still have the five-year minimum sentence. Thus, Castillo's rights are unaffected and his argument fails the third prong of the plain error standard.

IV.

Castillo contends that the district court erred in its drug quantity calculation and that he should have been held accountable only for the cocaine found in the pick-up bed. As this was not objected to before the district court, we review only for plain error. *See United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993)(holding that when a defendant fails to challenge the drug quantity calculation by filing a timely objection in the district court, the standard of review on appeal is plain error). As with Castillo's previous argument, regardless of any potential reduction under the guidelines, Castillo would still face the statutory minimum sentence of five years, and the third prong of the plain error test is not met.

V.

Castillo argues that his attorney rendered ineffective assistance by failing to (1) timely object to the PSR; (2) request a minor participant offense level reduction; and (3) schedule an interview with the government for purposes of qualifying Castillo for a safety valve reduction. An ineffective-assistance claim is only addressed on direct appeal when "the claim has been presented to the district court; otherwise there is no opportunity for the development of an adequate record on the merits." *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992). To address a claim on direct appeal, the record must provide "substantial details about the attorney's conduct." *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991).

Castillo specifically identifies only the minor participation objection to the PSR that his attorney failed to raise. This objection, though untimely, was made by the federal public defender

and overruled on the merits.  Castillo's claim regarding the failure to schedule an interview with the Government, though indirectly addressed at the post-sentencing request for a new attorney, was not addressed by the district court.  Thus, the record is not adequately developed to address the issue on direct appeal.  *See id*. at 9.

AFFIRMED