**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 14, 2012

Lyle W. Cayce
Clerk

No. 11-50438
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK WHEATEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-284-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Derrick Wheaten pleaded guilty to aiding and abetting and possession with intent to distribute 50 grams or more of cocaine base and was sentenced to 132 months of imprisonment. Wheaten pleaded guilty to the charge pursuant to a written plea agreement in which he waived the right to appeal his sentence. He contends, however, that the district court failed to ascertain whether he had read and understood the appeal waiver provision of the agreement. He thus claims that he did not knowingly and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntarily waive the right to appeal his sentence. Wheaten requests that we not enforce the waiver but address the merits of his sentencing issues, namely, that the district court erred in (1) refusing to apply the Fair Sentencing Act of 2010, and (2) converting the amount of cash seized to drug quantity to determine his base offense level. The government seeks enforcement of the waiver.

A defendant may waive his right to appeal if the waiver is made knowingly and voluntarily. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). "A defendant must know that he had a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). A defendant's waiver is knowing and voluntary if he indicates that he has read and understood the plea agreement, which contains an "explicit, unambiguous waiver of appeal." *McKinney*, 406 F.3d at 746. A district court must ascertain that a defendant understands provisions in the plea agreement waiving the right to appeal. FED. R. CRIM. P. 11(b)(1)(N).

When, as here, the appellant's challenge to an appeal waiver rests solely on a Rule 11 deficiency and the appellant did not contemporaneously object to the district court's failure to comply with Rule 11, our review is for plain error in light of the record as a whole. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir.), *cert. denied*, 132 S. Ct. 758 (2011); *United States v. Narvaez*, No. 10-50699, 2011 WL 6004017, at *2 (5th Cir. Nov. 28, 2011) (unpublished). To show plain error, Wheaten must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record reflects that Wheaten's waiver of his right to appeal his sentence was knowing and voluntary and that any defects in the Rule 11 plea colloquy did not affect his substantial rights. The district court asked several

questions that probed Wheaten's understanding of the plea agreement's terms. The district court asked him to confirm his understanding that he was giving up all the rights of a jury trial, the voluntariness of his plea, his opportunity to confer with counsel, the wrongfulness of his conduct, and the maximum and minimum penalties. Further, Wheaten's response that he agreed to the factual basis and that he understood that the government would dismiss the weapons charge in exchange for its use as an enhancement at sentencing indicates that he had read the plea agreement. At no time did Wheaten indicate at the rearraignment that he did not understand any of the terms set forth in the agreement. Moreover, Wheaten signed the agreement in which he attested that he had read it and understood its terms. Accordingly, Wheaten should "be held to the bargain to which he agreed." *See McKinney*, 406 F.3d at 746.

Wheaten also contends, for the first time on appeal, that the government breached the plea agreement by arguing in favor of the base offense level set forth in the presentence report, making the plea agreement, including the appeal waiver provision, unenforceable. He has not, however, demonstrated that his interpretation of the plea agreement was reasonable. *See United States v. Cerverizzo*, 74 F.3d 629, 632 (5th Cir. 1996). Thus, Wheaten has not shown plain error with respect to his claim that the government breached the plea agreement. *See Puckett*, 556 U.S. at 135.

Finally, Wheaten's challenge to the cash-to-drugs conversion used to determine his base offense level does not fall within the plain language of the waiver exception. Therefore, we shall enforce the waiver to bar his appeal on this issue. *See McKinney*, 406 F.3d at 746. Wheaten's contention that the district court erred in refusing to apply the FSA to his case–assuming that the issue falls within an exception to the waiver–is foreclosed by our decision in *United States v. Tickles*, 661 F.3d 212, 214-15 (5th Cir. 2011), *petition for cert. filed,* (Dec. 15, 2011) (No. 11-8023), and *petition for cert. filed*, (Dec. 27, 2011) (No. 11-8268).

No. 11-50438

The judgment of the district court is AFFIRMED.