**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2012

Lyle W. Cayce
Clerk

No. 11-50004
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALONSO DE LA MADRID,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1027-1

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Alonso De La Madrid pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with the intent to distribute cocaine.  The district court sentenced De La Madrid to 188 months of imprisonment.  De La Madrid now claims that the government breached the plea agreement at his sentencing hearing by urging that his relevant conduct included an additional 90 kilograms of cocaine not discussed in the factual basis to which he stipulated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Whether the government has violated a plea agreement is a question of law hinging upon whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *United States v. Cerverizzo,* 74 F.3d 629, 632 (5th Cir. 1996). As De La Madrid raises his argument for the first time on appeal, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 133-36 (2009). Plain-error review involves four steps: First, there must be an error or defect that has not been affirmatively waived by the defendant. Second, the error must be clear or obvious, i.e., not subject to reasonable dispute. Third, the error must have affected the defendant's substantial rights. Fourth, if the above three steps are satisfied, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 135.

Although the government asserted at sentencing that an additional 90 kilograms not reported in the factual basis should be included in De La Madrid's relevant conduct, there was no "express promise in the plea agreement that the government's statement plainly violated," and thus any error with respect to the alleged breach is not clear or obvious. *United States v. Reeves*, 255 F.3d 208, 211-12 (5th Cir. 2001). Neither is it clear or obvious that the government was not entitled to argue facts regarding the 90 additional kilograms of cocaine, as "the Government does not have a right to make an agreement to stand mute in the face of factual inaccuracies or to withhold relevant factual information from the court." *United States v. Block*, 660 F.2d 1086, 1092 (5th Cir. 1981). Moreover, because the factual basis provided that De La Madrid conspired to deliver 150 kilograms of cocaine, and the district court noted that the base offense level remained the same whether 150 kilograms or more was involved, *see* U.S.S.G. § 2D1.1(c)(1), De La Madrid has not demonstrated that his substantial rights were affected by the alleged breach of the plea agreement. *See Puckett*, 556 U.S. at 142 n.4.

No. 11-50004

De La Madrid hsas not briefed any claim with respect to his contention that his plea was not given knowingly and voluntarily. That issue is therefore deemed abandoned. *See United States v. Guerrero*, 169 F.3d 933, 943 (5th Cir. 1999).

AFFIRMED.